NEBEKER, Chief Judge, and FARLEY, HOLDAWAY, and IVERS, Associate Judges, join in the order. MANKIN, Associate Judge, concurring, filed a separate statement. KRAMER and STEINBERG, Associate Judges, dissenting, filed a separate joint statement.
ORDER
This matter is before the Court on the issue of this Court’s jurisdiction to hear the above cases on appeal.
The first two cases on appeal (Dudley v. Derwinski, No. 91-1876 and McCafferty v. Derwinski, No. 91-1848) were consolidated by Court order, dated March 26, 1992, for consideration, by a panel, of the question of the Court’s jurisdiction. The third and fourth cases were consolidated with the first two cases for the same purpose by Court orders, dated April 27, 1992, and May 4, 1992.
Each of the above cases on appeal involves an appellant who failed to comply with the 120-day Notice of Appeal (NOA) requirement found in 38 U.S.C. § 7266(a) (formerly § 4066(a)). Each appellant, except in Williams v. Derwinski, No. 92-349, has a psychiatric impairment and claims that the impairment is responsible for his failure to enter a timely NOA to this Court. The appellant in Williams claims that the Department of Veterans Affairs misinformed him as to the time limitation for filing an appeal. His NOA was not received by this Court until after the expiration of the 120-day period.
Recently, the United States Court of Appeals for the Federal Circuit determined that this Court cannot extend the 120-day limit set forth in 38 U.S.C. § 7266(a), even for a showing of good cause. Butler v. Derwinski, 960 F.2d 139, 141 (Fed.Cir.1992). See also Livingston v. Derwinski, 959 F.2d 224 (Fed.Cir.1992); Jones v. Derwinski, 2 Vet.App. 362 (1992) (the jurisdictional period for noting an appeal imposed by 38 U.S.C. § 7266(a) cannot be extended or its commencement postponed because appellant suffers from a mental impairment). Nor can the doctrine of equitable estoppel apply. This Court in Ponce Jones deemed overruled that part- of the Court’s decision in Elsevier v. Derwinski, 1 Vet.App. 150, 154 (1991), which suggested that the doctrine of equitable tolling was “potentially applicable” to the 120-day statutory period for noting an appeal to this Court. Jones v. Derwinski, 2 Vet.App. 362, 363 (1992).
The Court lacks the requisite jurisdiction to hear the appeals. Therefore, on consideration of the foregoing, it is
ORDERED that the appeals are dismissed for failure to file timely Notices of Appeal.