**Elaine S. ALLIN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–005.

United States Court of Veterans Appeals.

Jan. 16, 1997.

Ward E. Scott, II, was on the brief for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Michael P. Butler were on the brief, for appellee.

Before KRAMER, FARLEY, and IVERS, Judges.

IVERS, Judge:

The appellant, widow of deceased veteran Sherdie William Allin, appeals a September 2, 1994, decision of the Board of Veteran's Appeals (BVA or Board) denying her entitlement to dependency and indemnity compensation (DIC) under 38 U.S.C. § 1318(b)(1). *Elaine S. Allin,* BVA 94–14718 (Sept. 2, 1994). The Court has jurisdiction over the case pursuant to 38 U.S.C. § 7252(a).

This case previously came before the Court on appeal from a June 13, 1990, BVA decision in which the Board denied DIC because the appellant had not met the criteria for DIC eligibility under the existing statutes. In *Allin v. Brown,* 6 Vet.App. 207 (1994), the Court affirmed the BVA's finding that there had been no clear and unmistakable error (CUE) in the VA's May 19, 1971, rating decision which rated the veteran less than 100% disabled. The Court, however, vacated the Board's decision and remanded

the matter because the BVA had failed to provide adequate reasons and bases for rejecting the appellant's new and material evidence.

In the pleadings submitted to the Court for this appeal, the appellant requested oral argument. The Court denies the appellant's motion because it believes that argument will not materially assist in the disposition of this appeal. *See Winslow v. Brown,* 8 Vet.App. 469 (1996). For the reasons set forth below, the Court will affirm the Board's decision denying the appellant entitlement to DIC.

## I.  FACTUAL BACKGROUND

The Court previously articulated the pertinent facts in this case in its initial decision issued on February 14, 1994. *Allin,* 6 Vet. App. at 208. To summarize briefly, the appellant claimed entitlement to DIC under 38 U.S.C. § 1318(b)(1)—a federal statute that enables surviving spouses to receive compensation if the deceased veteran was rated totally disabled for 10 or more years preceding death. *See also* 38 C.F.R. § 3.22(a)(2)(i) (1995). The veteran had been rated totally unemployable as a result of various medical conditions from April 1, 1972, until his death on May 30, 1981, a period of nine years and two months. R. at 259, 292. Since the veteran was not rated totally disabled for the minimum period of 10 years, the VA regional office (RO) denied the appellant's claim for entitlement to DIC in a rating decision issued on October 19, 1981. R. at 293–94.

On her first appeal to the Board, the appellant argued that the RO committed CUE by not assigning a higher rating for the veteran's service-connected disabilities, and an earlier effective date for total unemployability. After reviewing all of the evidence, the Board issued a decision on June 13, 1990, finding that the RO had not committed CUE. R. at 441–45. On appeal, the Court affirmed the BVA's finding but vacated the decision and remanded the matter because the Board had failed to provide an appropriate discussion of its reasons and bases for rejecting new and material evidence submitted by the appellant—namely, statements made by former POWs who had served with the veteran,

and a medical opinion given by the veteran's physician, Dr. John MacAllister. *Allin*, 6 Vet.App. at 214.

On remand, the appellant submitted additional documents to support her claim that her husband's service-connected anxiety reaction should have been rated totally disabling from an earlier effective date. The new evidence included a letter written by the appellant's representative, moving for reconsideration of the BVA decision (Record (R.) at 456–84); medical reports from the veteran's physical examination dated January 1947 (R. at 518–28); clinical records dated January 26, 1948 (R. at 536–43); a rating decision dated November 3, 1950 (R. at 544); and a confirmed rating decision dated December 20, 1988 (R. at 545).

After reevaluating all of the evidence on remand, the Board found the evidence to be "new and material" and sufficient to reopen the appellant's claim for DIC. The Board noted, however, that this determination was "no more than a Pyrrhic victory" because the evidence did not change the effective date for total unemployability. *Allin*, BVA 94–14718, at 6. In its final decision, the BVA stated:

> What is really the central issue in this case is not whether new and material evidence has been submitted to reopen the appellant's claim, but whether there was clear and unmistakable error in a final rating decision made prior to the veteran's death, an error which if rectified, would result in the veteran having been evaluated as totally disabled at least 10 years prior to death.

*Ibid.* The BVA concluded that none of the newly submitted evidence shows that the RO committed error in assigning an April 1, 1972, effective date for total unemployability. The appellant now appeals these findings to the Court.

## II. ANALYSIS

### A. *Law of the Case*

■ In this appeal, the appellant restates her previous argument that the RO committed CUE by not assigning a higher rating for the veteran's service-connected disabilities and also by not retroactively assigning total unemployability to an earlier

effective date. Appellant's Brief (Br.) at 37–42. The Court already has determined that the Board did not err in finding no CUE in the May 1971 RO decision. *Allin*, 6 Vet.App. at 211–13. Under the "law of the case" doctrine, questions settled on a former appeal of the same case are no longer open for review. *See Johnson v. Brown*, 7 Vet.App. 25, 26 (1994) ("Where a case is addressed by an appellate court, remanded, then returned to the appellate court, the 'law of the case' doctrine operates to preclude reconsideration of identical issues")(citing *In re United States Steel Corp.*, 479 F.2d 489, 493–94 (6th Cir.1973)); *see also Browder v. Brown*, 5 Vet.App. 268, 270 (1993). Therefore, arguments made by the appellant which directly or indirectly relate to this CUE argument need not be addressed by the Court. The Court need only adjudicate the appellant's new arguments in this appeal and decide whether the Board complied with the Court's earlier instruction to provide adequate reasons and bases for its rejection of the statements made by Dr. MacAllister.

### B. *Net Worth Statement as an NOD*

■ The appellant argues that by submitting a VA Form 21–527, Income—Net Worth and Employment Statement (*see* R. at 254–55), the veteran filed a Notice of Disagreement (NOD) to the May 1971 decision and therefore, in the absence of any response to this submission from the RO, the veteran's claim for an increased rating and total unemployability remains unadjudicated. Appellant's Br. at 8. The Secretary argues that the Form 21–527, submitted by the veteran in February 1972, is not an NOD because it does not contain all of the requisite elements of an NOD. Specifically, the Secretary argues that it does not express dissatisfaction or disagreement with an adjudicative determination. Secretary's Br. at 19.

Under the regulations

> A written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result will constitute a Notice of Disagreement. While special wording is not

required, the Notice of Disagreement must be in terms which can be reasonably construed as disagreement with that determination for appellate review.

38 C.F.R. § 20.201; *see Strott v. Derwinski,* 964 F.2d 1124, 1126–27 (Fed.Cir.1992); *Hamilton v. Brown,* 4 Vet.App. 528 (1993) (en banc), *aff'd,* 39 F.3d 1574 (Fed.Cir.1994). The submitted Form 21–527 contained no mention of the veteran's March 1971 claim for service connection or any reference to the RO's May 19, 1971, rating decision. The form contained the following typed statement by the veteran:

> NOTE: I am hospitalized at V[eterans] A[dministration] H[ospital], Manchester, N.H. I believe all of my physical and mental disabilities had their start during my 3½ years as a POW in Japan, and request a careful review of my claim on this basis, as I am totally disabled.

R. at 254. This statement expresses no dissatisfaction with the RO's May 1971 decision or a desire for appellate review. Based upon 38 C.F.R. § 20.201, there is nothing on the form which the RO could construe as being an NOD. *See Stokes v. Derwinski,* 1 Vet.App. 201, 203 (1991) ("any communication which can 'reasonably be construed' as expressing dissatisfaction with a VA adjudicative determination must be considered a valid NOD"). In the absence of a statement identifying some disagreement with the May 1971 decision, the veteran's March 1971 claim must be considered to have been finally adjudicated.

In addition, as the Secretary points out, even if the Form 21–527 were considered an NOD by this Court, the appellant would get no relief because the Court's jurisdiction is restricted by statute to cases in which an NOD is filed on or after November 18, 1988. *See* Veteran's Judicial Review Act (VJRA), Pub.L. No. 100–687 § 402, 102 Stat. 4105, 4122 (1988); *Skinner v. Derwinski,* 1 Vet. App. 2 (1990).

### C. *Earlier Effective Date for Total Unemployability*

■ The appellant also argues that, even assuming that the Form 21–527 is not a valid NOD, the April 1972 rating decision, which rates the veteran as 100% disabled, should be

effective as of March 1971 because it "supervened" the May 1971 rating. Appellant's Br. at 39. Citing 38 C.F.R. § 3.160(d), the appellant contends that the RO decision issued in May 1971 became final only after one year from the date it was issued. *Ibid.* She argues that the April 1972 decision, coming within the one-year period, superseded the May decision and was the final adjudication of the veteran's March 1971 claim. *Id.* at 40.

The Board noted in its decision, that the April 1972 rating decision was issued after the RO had received a VA hospital summary that pertained to the veteran's hospitalization in February and March 1972. *Allin,* BVA 94–14718, at 7–8. During that hospitalization, the examining physician opined that the veteran was permanently and totally disabled. *Ibid.; see also* R. at 256–57, 258. Under 38 C.F.R. § 3.157(b), a hospital report can be accepted as an informal claim for increased benefits. In this circumstance, the benefits sought may be paid to the claimant starting from a retroactive date corresponding to the date of the hospital report *or* to a date that is "one year prior to the date of receipt of the report." 38 C.F.R. § 3.157(a). Based upon the newly submitted medical evidence, the RO chose to assign a retroactive date that corresponded to the date of the report made in February 1972. R. at 258. In light of the discretion afforded the RO under the regulations, there is no basis for the appellant's argument that the April 1972 decision superseded the May 1971 decision or that the rating should apply retroactively to May 1971. Furthermore, this argument is essentially the same CUE claim argued previously but guised as a new theory—namely, that the April 1972 decision is CUE because the date for the veteran's total unemployability should be retroactive to March 1971. Assuming that *Russell v. Principi,* 3 Vet.App. 310, 319 (1992) (en banc), permits a claimant to raise the same CUE claim on a different legal theory from one previously denied, the appellant's new theory in this case is new in name only. The appellant's argument still relies on her previous assertion that the May 1971 decision was not final, or in the alternative, was CUE. *See* Appellant's Br. at 37–39.

### D. Adequate Reasons and Bases on Remand

■ In the previous decision, the Court directed the Board to provide an "appropriate discussion of reasons or bases for the Board's findings." *Allin*, 6 Vet.App. at 214; see also 38 U.S.C. § 7104(d)(1); *Simon v. Derwinski*, 2 Vet.App. 621, 622 (1992); *Masors v. Derwinski*, 2 Vet.App. 181, 188 (1992).

In the second BVA decision, the Board stated:

Simply put, relatively recently dated evidence, for example, from service comrades or Dr. MacAllister, which now relates that at the time of the May 1971 rating decision the veteran had additional disorders which should have been service connected, or was more impaired or disabled than then evaluated, have no bearing or impact on the decision reach[ed] by the RO in May 1971. Consequently, the additional evidence does not demonstrate an error in the May 1971 rating decision. The Board has also considered whether the unavailable medical records of John D. MacAllister, M.D., the physician who has offered testimony on the appellant's behalf and submitted statements and who was the veteran's VA outpatient treating physician in 1971, may be viewed as an informal claim for an increased evaluation. *See* 38 C.F.R. §§ 3.155, 3.157 (1993). However, Dr. MacAllister testified that he began working for the VA in June 1971 and began treating the veteran shortly thereafter. In other words, Dr. MacAllister began treating the veteran within the 10–year period prior to the veteran's death, and for this reason[,] the Board believes that a decision can be rendered without those records.

*Allin*, BVA 94–14718, at 9. With this analysis, the Board has supported its finding that the evidence presented by Dr. MacAllister, though new and material, does not show that there was CUE in the May 1971 or April 1972 rating decision thereby necessitating further reconsideration of the appellant's claim. *See Johnson, supra.* Under the facts presented, the only possible way the appellant can receive entitlement to DIC is by equitable relief through the Secretary. *See* 38 U.S.C. § 503; *Darrow v. Derwinski*, 2 Vet.App. 303 (1992).

### III. CONCLUSION

For the reasons stated, the Court AFFIRMS the September 2, 1994, BVA decision.

KRAMER, Judge, concurring:

The veteran served in the United States Army from May 1941 to May 1946. R. at 37, 496. In July 1947, a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) granted service connection for psychoneurosis, rated at 10% disabling. R. at 36. By July 1969, the RO had increased this rating to 30% disabling. R. at 237–38. In March 1971, the veteran filed a claim for increased ratings in his service-connected conditions (the veteran had other noncompensable service-connected conditions). R. at 239. In May 1971, the RO continued the 30% disability rating for the veteran's psychiatric disability. R. at 251–52. On February 9, 1972, he was admitted to a VA hospital for treatment of degenerative spinal arthritis and chronic anxiety reaction. R. at 256. The veteran submitted to VA a VA Form 21–527, titled "Income—Net Worth and Employment Statement (In Support of Claim for Total Disability Benefits)," dated February 22, 1972. R. at 254–55. On that form, the veteran stated that he had last worked on November 20, 1971, and that he had quit his last job because he was "physically unable to work." R. at 254. The veteran was discharged from the hospital on March 14, 1972. R. at 256. In a March 1972 hospital summary, the examining physician opined that the veteran was permanently and totally disabled. R. at 257. In April 1972, the RO assigned a temporary total disability rating based on the veteran's period of hospitalization that was followed by a 70% disability rating for his anxiety neurosis, effective April 1, 1972. R. at 258. In addition, the RO assigned a total disability rating on account of individual unemployability (TDIU), effective April 1, 1972. R. at 258–59.

On May 30, 1981, the veteran died. In June 1981, the appellant, widow of the veteran, filed an application for dependency and

indemnity compensation (DIC). R. at 267–70. In July and again in October 1981, the RO denied this claim. R. at 274–75, 293–94. The appellant sought to reopen her claim for DIC benefits in August 1988, arguing that the veteran should have been rated 100% service connected at least as early as May 1971. R. at 300–01. In December 1988, finding no CUE in the May 1971 RO decision, the RO denied a reopening for the DIC claim. *See* R. at 2, 339. In July 1989, the appellant filed a Notice of Disagreement (NOD) (R. at 339) and a substantive appeal to the BVA in August 1989 (R. at 352). On June 13, 1990, the BVA denied a reopening for the appellant's DIC claim and found no CUE in the May 1971 RO decision. R. at 449–55. The appellant appealed that decision to the Court. On February 14, 1994, the Court affirmed the BVA's determination that there was no CUE in the May 1971 RO decision, but vacated the BVA decision and remanded the matter for readjudication on other grounds. *Allin v. Brown*, 6 Vet.App. 207 (1994). On September 2, 1994, although the BVA determined that new and material evidence had been submitted to reopen the DIC claim, it nevertheless denied DIC. R. at 1–10. The BVA also determined that the May 1971 and April 1972 RO decisions were not the product of CUE. R. 6–9. The appellant appealed to the Court.

For purposes of my analysis and based solely on the appellant's arguments, I will make the following assumptions: (1) that the appellant would not be precluded from bringing CUE claims with respect to the May 1971 and April 1972 RO decisions on different theories (*see Russell v. Principi*, 3 Vet.App. 310, 315 (1992)) (en banc) (holding that once "this Court has rendered a decision on the issue in that particular case, that particular claim of '[CUE]' may not be raised again"); (2) that the May 1971 RO decision did not become final because the filing of the VA Form 21–257 initiated appellate review that was not afforded to the veteran; (3) that the Court has jurisdiction to review a nonfinal 1971 RO decision (*see* Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) (Court has jurisdiction to review only those final BVA benefits decisions prior

to which NOD was filed on or after November 18, 1988, as to underlying decision of RO or other agency of original jurisdiction)); (4) that the 1972 unappealed RO decision did not serve to finalize the May 1971 decision (*see* 38 U.S.C. § 7105(c) (providing that when claim is denied and claimant fails to timely appeal that decision by filing Notice of Disagreement (NOD) within one-year period prescribed in 38 U.S.C. § 7105(b)(1), that decision becomes final and claim may not "thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with" title 38 of the United States Code)); and (5) that 38 U.S.C. § 5110(a) permits evidence acquired in 1988 and thereafter to be the basis for finding facts as of May 1971.

With respect to entitlement to an earlier effective date on the basis of CUE, the appellant cannot prevail without evidence that the veteran was totally disabled as of at least May 31, 1971, 10 years before his death (*see* 38 U.S.C. § 1318(b)(1) (provides DIC benefits to surviving spouse of veteran who dies from injury or disease which is not service connected, provided that veteran was receiving or had been eligible to receive compensation for service-connected disability that was continuously rated totally disabling for period of 10 years or more preceding death)). The only such evidence of record is that provided by Dr. MacAllister in 1988, 1989, and 1990. R. at 320–26, 377–401. However, this evidence could never be the basis for CUE in either the May 1971 or April 1972 decision because it was not of record at those times. *See Russell*, 3 Vet.App. at 314 ("A determination that there was a '[CUE]' must be based on the record and the law that existed at the time of the prior ... decision.")

With respect to entitlement to an earlier effective date on a basis other than CUE, 38 U.S.C. § 5110(a) provides:

Unless specifically provided otherwise in this chapter, the effective date of an award based on ... a claim reopened after final adjudication ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application *therefor*.

(Emphasis added.) The appellant, however, cannot prevail on a non-CUE basis because "the date of receipt of application" in section 5110(a) refers not to the veteran's March 1971 application for an increase in his service-connected disabilities, but rather to the appellant's August 1988 application to reopen her DIC claim, thus precluding the finding of total disability as of a date prior to the filing of the DIC application. By using the limiting word "therefor," the plain meaning of section 5110(a) limits the earliest effective date to the date of the receipt of the application that is the subject of review, i.e., the appellant's claim to reopen her DIC claim. Even without this section 5110(a) limitation, any claim of the veteran (as opposed to a claim of his widow) died with him. *See Landicho v. Brown,* 7 Vet.App. 42, 47 (1994) (holding that veterans' claims under chapter 11, "Compensation for Service–Connected Disability or Death," of title 38, U.S.Code, do not survive their deaths).