**Harold E. BAILEY, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

No. 97–232.

United States Court of Veterans Appeals.

Aug. 5, 1997.

Before KRAMER, Judge.*

## ORDER

On January 25, 1997, the appellant filed his Notice of Appeal (NOA) from an August 8, 1996, Board of Veterans' Appeals (BVA) decision. The appellant's NOA was received by the Court more than 120 days after the BVA mailed notice of its decision. On February 12, 1997, the appellant filed a supplemental NOA and provided the Court with an explanation for his untimely appeal. In his supplemental NOA, the appellant asserts that he had requested the assistance of a Department of Veterans Affairs (VA) Veterans Benefits Counselor in the preparation and filing of his NOA but that the document was mistakenly retained at a VA regional office (RO) and not mailed to the Court. Attached to the appellant's supplemental NOA was a letter dated February 7, 1997, to him from a VARO stating:

> A review of the records of the Department of Veterans Affairs shows that you visited the Huntington VA Regional Office on December 3, 1996. Our Veterans Benefits Counselor assisted you in executing an appeal of your claim to the Court of Veterans Appeals, which had to be received by the Court by December 6, 1996. This document was mistakenly retained at the Huntington Regional Office and attached to your claims file for action.

On April 23, 1997, the Secretary informed the Court that the BVA had properly mailed a copy of its decision to the appellant and his representative and moved to dismiss this appeal for lack of jurisdiction. On May 12, 1997, pro bono counsel for the appellant moved to stay the proceedings until June 26, 1997, to file "pleadings which may be appropriate." The Court granted the appellant's motion. On June 25, 1997, the appellant filed a motion to extend the stay until July 31,

---

* Editor's Note: This single–judge summary disposition is of no precedential value. See *Bethea v.* *Derwinski*, 2 Vet.App. 252, 254 (1992).

1997, which the Court granted. The appellant has filed no other pleadings.

■■■■ The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Bethea v. Derwinski,* 2 Vet.App. 252 (1992). To be timely under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must generally be filed with the Court within 120 days after notice of the BVA decision is mailed to an appellant. Pub.L. No. 103–446, § 511 (1994); *see Butler v. Derwinski,* 960 F.2d 139, 140–41 (Fed.Cir.1992). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *see also Machado v. Derwinski,* 928 F.2d 389 (Fed.Cir.1991); *Dudley v. Derwinski,* 2 Vet.App. 602 (1992) (en banc order). The Court, in *Thompson (Charles) v. Brown,* 8 Vet.App. 169, 177 (1995), stated:

> So rigorous has this jurisdictional concept been held to be that VA claimants adversely affected by a BVA decision who miss the 120–day filing deadline can be granted no extension even where they assert inability to comply for 'good cause' (*see Butler, supra* ), or because of a mental impairment (*see Dudley* [,*supra* ] and *Jones (Ponce)* [*v. Derwinski,* 2 Vet.App. 362, 363 (1992) (per curiam) ] ), or because of incorrect or misleading information provided by the Court itself (*see Dudley, supra* ).

This Court has held that equitable considerations normally considered a sufficient basis for judicial extension of a filing deadline where private litigants are involved, *see Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990), *reh'g denied sub nom. Irwin v. Dept. of Veterans Affairs,* 498 U.S. 1075, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991), are not available in this Court to provide any relief in the case of an untimely filed NOA. *See Dudley, supra* (doctrine of equitable estoppel cannot apply in extending the 120–day period); *Jones,* 2 Vet.App. at 363 (expressly deeming Federal Circuit's *Butler*opinion to have overruled that part of this Court's opinion in *Elsevier v. Derwinski,* 1 Vet.App. 150, 154 (1991), that had suggested that the doctrine of equitable tolling was "potentially applicable" to the 120–day period).

■■ In light of the binding precedent of *Dudley, supra,* the Court concludes that the appellant has not met the burden of demonstrating that an NOA was filed within 120 days after the date of mailing of notice of the BVA decision. (Although the Court's present case law compels the above analysis, the author judge feels it is appropriate for the en banc Court to address the issues of equitable tolling and extraordinary relief, which are beyond the ability of a single judge to undertake.) On consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and this appeal is DISMISSED for lack of jurisdiction.