**Harold E. BAILEY, Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.**

**No. 97–232.**

United States Court of Veterans Appeals.

Aug. 5, 1997.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, HOLDAWAY, IVERS, and STEINBERG, Judges.

### ORDER

PER CURIAM.

In an order dated August 5, 1997, the Court dismissed, for lack of jurisdiction, the appellant's appeal. *See Bailey v. Gober*, 10 Vet.App. 453 (single-judge order Aug. 5, 1997). During the internal circulation of that order before its release, *see* the Court's Internal Operating Procedures (IOP) at

V.(a)(3), a judge requested en banc consideration. On consideration of the foregoing, it is by a majority of the Court

ORDERED that en banc consideration is DENIED.

KRAMER, Judge, dissenting:

I believe that the en banc Court should consider the applicability of equitable tolling and the issuance of a writ for extraordinary relief, because both involve questions of exceptional importance. *See* U.S. VET.APP. R. 35(c); IOP at V.(a)(3).

### I.

The Federal Circuit cases decided since *Butler v. Derwinski,* 960 F.2d 139 (Fed.Cir. 1992), *Jones (Ponce) v. Derwinski,* 2 Vet. App. 362 (1992), and *Dudley v. Derwinski,* 2 Vet.App. 602 (1992) (en banc order), require that the Court revisit the issue of whether the Court's 120-day Notice of Appeal (NOA) period under 38 U.S.C. § 7266(a) can be equitably tolled, at least in the context of action or inaction by the government that has caused a claimant to miss the filing deadline. *See Juice Farms, Inc. v. United States,* 68 F.3d 1344, 1346 (Fed.Cir.1995) (court stated that although appellant in this case "cannot circumvent the timely protest requirement by claiming that its own lack of diligence requires equitable relief," it recognized, quoting *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), that equitable tolling of a statute of limitations was available in suits "against the Government where the claimant has been 'induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'"); *see also McCay v. Brown,* 106 F.3d 1577, 1582 (Fed.Cir.1997); *Weddel v. Secretary of HHS,* 100 F.3d 929, 931 (Fed.Cir. 1996); *Iacono v. OPM,* 974 F.2d 1326, 1328 (Fed.Cir.1992).

The Court should examine whether 38 U.S.C. § 7266(a) is a statute of limitations because it "sets out the maximum period of time during which an action can be brought or a right enforced [and][t]he statute begins to run on its date of accrual" (*Weddel,* 100 F.3d at 931; *see Iacono,* 974 F.2d at 1328 (statute of limitations typically "await[s] a specific event to start the deadline clock")) or whether section 7266(a) is a statute of re-

pose, to which the doctrine of equitable tolling does not apply, because it "cuts off a cause of action at a certain time irrespective of the time of accrual of the cause of action" (*Weddel,* 100 F.3d at 931 (Vaccine Act, which required aggrieved party to file petition with court by October 1, 1990 (later extended to February 1, 1991), was statute of repose and thus not subject to doctrine of equitable tolling); *see Iacono,* 974 F.2d at 1328 (former spouse of federal government employee not entitled to surviving-spouse annuity because she failed to file application on or before May 7, 1989, the statutory deadline for filing such claims, and because such deadline was not statute of limitations, it was not subject to equitable tolling)). If 38 U.S.C. § 7266(a) were determined to be a statute of limitations, at least in the limited circumstance when the government caused the filing period to run, the doctrine of equitable tolling would be applicable. *See McCay, Weddel, Juice Farms,* and *Iacono,* all *supra.*

### II.

The Court should also consider issuing a writ, pursuant to 28 U.S.C. § 1651(a), the All Writs Act (AWA), and Rule 21 of the Court's Rules of Practice and Procedure, ordering the BVA, or ordering the Secretary to direct the BVA, to reissue its decision; such a reissuance would, in turn, restart the running of the 120-day appeal period. (Even though it was the Department of Veterans Affairs (VA) regional office (RO) that failed to file the NOA on behalf of the appellant in this case, it does not appear that the Court could order the VARO to do anything that would give the appellant any relief.) It is uncertain whether the Court could issue an order directly to the BVA, which was without fault in the late filing. *See United States v. New York Tel. Co.,* 434 U.S. 159, 174, 98 S.Ct. 364, 373, 54 L.Ed.2d 376 (1977) ("power conferred by the [AWA] extends, under appropriate circumstances, to persons, who though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice"); *Additive Controls & Measurement Sys. v. Flowdata, Inc.,* 96 F.3d 1390, 1396 (Fed.Cir.1996) (although the AWA can be used to enjoin nonparties,

nothing in AWA or elsewhere suggests that it "can be employed as a general license for district courts to grant relief against nonparties whenever such measures seem useful or efficient"); *Erspamer v. Derwinski,* 1 Vet. App. 3, 7–9 (1990) (this Court had jurisdiction under AWA to issue extraordinary writs to VA officials whose "inadvertent or intentional delay" directly and adversely affected potential and prospective appellate jurisdiction of the Court).

Assuming that the Court could not directly order the BVA to reissue its decision, it may be able to order the Secretary, as the entity responsible for and has authority over both the RO and the BVA, to direct the BVA to reissue its decision. Although it may be that the BVA is autonomous and the Secretary cannot be involved in BVA decisionmaking, such a preclusion appears to be less than certain under the present statutory scheme. Section 303 of title 38, U.S.Code, establishes the Office of Secretary of Veterans Affairs and states that the "Secretary is responsible for the proper execution and administration of all laws administered by the Department and for the control, direction, and management of the Department." *See* 38 U.S.C. § 301. Pursuant to 38 U.S.C. § 511(a), "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." *See* 38 C.F.R. § 20.101 (1996). Subject to certain exceptions (including review by this Court), the decision of the Secretary shall be "final and conclusive and may not be reviewed by any other official." 38 U.S.C. § 511(a); *see also* 38 U.S.C. § 511(b). Under 38 U.S.C. § 512(a), the Secretary may delegate his authority to such "officers and employees as the Secretary may find necessary." *See* 38 C.F.R. §§ 2.6, 3.100 (1996). Under 38 U.S.C. § 7104(a), "[a]ll questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board." *See* 38 C.F.R. §§ 20.101, 20.904, 20.1100 (1996); *see also* 38 U.S.C. §§ 7102(a), 7103(a). The Board is bound in making its decisions by, inter alia, "instructions of the Secretary" (38

U.S.C. § 7104(c)) and is under "the administrative control and supervision of a Chairman directly responsible to the Secretary" (38 U.S.C. § 7101(a)).

Based on this construct, it would appear that the Board's appellate authority may not be exclusive, that the Secretary may have the power to intervene in an appeal, and, accordingly, that the Court may have the power to order him to do so.

### III.

Before dismissing the appellant's appeal for lack of jurisdiction, given that the government has freely acknowledged that its fault is responsible for the appellant's untimely filing of his NOA, the full Court should address the issues of equitable tolling and extraordinary relief.

STEINBERG, Judge, dissenting:

I join in part I of Judge Kramer's thoughtful dissenting statement regarding equitable tolling, and voted for en banc consideration in order for the Court to reconsider its action in *Dudley v. Derwinski,* 2 Vet.App. 602 (1992) (en banc order), an action from which Judge Kramer and I dissented at the time. *Id.* at 603–06.

Although I would prefer to receive full briefing on the equitable-tolling question at this point, I am preliminarily of the view that the precedents of the United States Court of Appeals for the Federal Circuit (Federal Circuit) cited in Judge Kramer's dissent lead to the conclusion that equitable tolling is applicable on the facts of this case as to the 120-day period for filing a Notice of Appeal (NOA) in this Court under 38 U.S.C. § 7266(a). I think that it is most instructive that, in the most recent Federal Circuit case to discuss equitable tolling as applied to the Department of Veterans Affairs (VA), that court stated specifically that "equitable tolling may be applied against the United States in certain cases, such as where the claimant has … been induced or tricked into missing the statutory deadline". *McCay v. Brown,* 106 F.3d 1577, 1582 (Fed.Cir.1997). The Circuit there cited *Irwin v. VA,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990), but did not mention *Butler v. Derwin-*

*ski,* 960 F.2d 139 (Fed.Cir.1992), the case on which *Dudley* relied, or *Dudley* itself. *McCay, supra; see also Juice Farms, Inc. v. United States,* 68 F.3d 1344, 1346 (Fed.Cir. 1995) (quoting *Irwin, supra,* and recognizing equitable tolling under certain circumstances involving Government misconduct). The language from *Irwin* recognized in *McCay* and set forth above is, in *Irwin,* followed by a footnote that cites *Glus v. Brooklyn Eastern Dist. Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), which the Supreme Court characterized parenthetically as standing for the proposition that "adversary's misrepresentation caused plaintiff to let filing period lapse". *Irwin,* 498 U.S. at 96 n. 4, 111 S.Ct. at 458 n. 4.

Moreover, the statutes involved in *Weddel v. Secretary of HHS,* 100 F.3d 929, 932 (Fed. Cir.1996), and *Iacono v. OPM,* 974 F.2d 1326, 1327–28 (Fed.Cir.1992), specifically provided for a fixed cutoff point for the filing of claims on a date certain—May 7, 1989, in the case of the latter, and 24 months after the effective date of the enactment in the case of the former. The Federal Circuit characterized these statutes as having "defined and closed the class" of potential claimants and having set a deadline that "bore no relation to the date on which the vaccination occurred [in our situation, the date that the Board of Veterans' Appeals (BVA) decision was issued] or on which the Weddels' claim accrued [the date on which notice of the BVA decision was mailed]." *Weddel,* 100 F.3d at 932. The Circuit also stated in *Weddel* that the 24-month limited-claims period "clearly sets out a date certain which cuts off entitlement to benefits under the Act" and went on to quote (indirectly) *OPM v. Richmond,* 496 U.S. 414, 428, 110 S.Ct. 2465, 2473–74, 110 L.Ed.2d 387 (1990), regarding the judicial responsibility to ensure that "public funds will be spent according to the letter of the difficult judgments reached by Congress as to the common good". *Ibid.* (quoting *Iacono,* 974 F.2d at 1328, quoting *Richmond, supra* ). It is clear that there is no *Richmond* issue involved in our situation.

Accordingly, it seems to me that there is very persuasive Federal Circuit authority to support a conclusion that 38 U.S.C. § 7266(a) is not a statute of repose, as was involved in *Weddel* and *Iacono,* both *supra,* but is rather a statute of limitations, as was involved in *Juice Farms, Inc., supra,* that is subject to equitable tolling, and that the VA regional office conduct here constituted "misconduct" or "misrepresentation" that "induced" or "caused" the appellant to miss the NOA "filing deadline". This caselaw subsequent to *Dudley* and *Butler* provides more than ample grounds for this Court to revisit its ill-advised *Dudley* holding.