**Marion A. VALASCO, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 98–1100.

United States Court of Veterans Appeals.

Feb. 4, 1999.

Before IVERS, STEINBERG, and GREENE, Judges.

**ORDER**

PER CURIAM:

On June 11, 1998, the Court received the appellant's Notice of Appeal (NOA) to a May 21, 1998, Board of Veterans' Appeals (Board) decision which determined that new and ma-terial evidence had not been submitted to reopen a claim of entitlement to service connection for the cause of the veteran's death. On July 23, 1998, the Secretary moved to dismiss the appeal for lack of jurisdiction, citing *Tablazon v. Brown*, 8 Vet.App. 359 (1995). The Secretary has pointed to a failure of the Regional Office (RO) to issue a Statement of the Case (SOC) in response to a Notice of Disagreement (NOD) dated December 30, 1985, relating to an October 1985 rating decision. The Secretary argues that because of the procedural defect occasioned by the RO's failure to issue an SOC in response to the appellant's December 1985 NOD, "the October 1985 rating decision *and all subsequent adjudications of the claim* were rendered nonfinal." Sec. Mot. at 4. Because of this, according to the Secretary, there is no final BVA decision for the Court to review and, thus, no jurisdiction.

A June 1979 rating decision, which denied service connection for the cause of the veteran's death, became final because a substantive appeal to that decision was never filed after an SOC was issued in August 1979 in response to an NOD filed earlier that month. In October 1985 the appellant sought to reopen her claim, a confirmed rating decision was issued, and she filed an NOD in December 1985. No SOC was issued with respect to this NOD. The appellant again sought to reopen her claim in December 1995. The RO issued a rating decision in February 1996 and the appellant filed an NOD in June 1996, which resulted in a July 1996 SOC, leading to the current appeal before the Court.

In *Tablazon v. Brown*, the RO never issued an SOC with respect to an original claim. 8 Vet.App. at 361. The Court held that this procedural defect rendered the rating decision non-final and the appellant was not required to submit new and material evidence to reopen his claims. This appeal differs from *Tablazon*, which the Secretary has read too broadly. In this case the June 1979 rating decision denying service connection for the cause of the veteran's death became final. 38 U.S.C. § 7105(d)(3) (West 1991); 38 C.F.R. § 20.302(b) (1992); *see Roy v. Brown*, 5 Vet.App. 554 (1993); *Rowell v. Principi*, 4 Vet.App. 9, 17 (1993); *Cuevas v.*

*Principi,* 3 Vet.App. 542, 546 (1992) (where claimant did not perfect appeal by timely filing substantive appeal, RO rating decision became final). Therefore, the appellant was and still is required to submit new and material evidence to reopen her claim. 38 U.S.C. § 5108. The Secretary has focused on the appellant's intermediate attempt to reopen her claim, which is still pending in appellate status. Regardless of the status of the October 1985 claim, a final rating decision exists from June 1979 and a stand-alone attempt to reopen this claim occurred in December 1995. Therefore, notwithstanding an intermediate rating decision which never became final, the Court finds that the appellant properly sought to reopen her claim in December 1995 and filed a jurisdiction-conferring NOD, and a final Board decision was issued. The Court holds that it has jurisdiction to review the May 31, 1998, Board decision. 38 U.S.C. § 7266(a); *In the Matter of Fee Agreement of Cox,* 10 Vet.App. 361, 366 (1997) (Court "has jurisdiction to review VA adjudicative actions only under 38 U.S.C. § 7252(a) and pursuant to a final Board decision"), *vacated on other grounds sub nom. Cox v. West,* 149 F.3d 1360 (Fed.Cir.1998).

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss is denied. It is further

ORDERED that the Secretary designate the Record on Appeal within 30 days after the date of this order.

STEINBERG, Judge, concurring:

I concur in the result but not the Court's analysis.

In my view, this case turns on whether the appellant filed a timely Notice of Disagreement (NOD) as to the apparent October 22, 1985, denial by a then-Veterans' Administration (now Department of Veterans Affairs (VA)) regional office (RO) of her claim to reopen the VARO's June 1979 final denial of her claim for dependency and indemnity compensation (DIC) benefits based on her husband's death. If she did in fact file a timely NOD, then I could not find that the Court now has jurisdiction over the current appeal. That is because, as a matter of law, the appellant's October 1985 claim to reopen would still be pending in appellate status, as the majority acknowledges, *ante* at 173. *See Holland v. Gober,* 10 Vet.App. 433, 436 (1997) (per curiam order) (remanding for issuance by RO of SOC after filing of jurisdiction-conferring NOD under VJRA § 402, *infra* ). In that situation, I believe that this Court's decision in *Tablazon v. Brown,* 8 Vet.App. 359 (1995), would govern. There the Court held: "Given the pendency of the prior appeal to the Board [of Veterans' Appeals (Board or BVA) based on a May 1976 NOD], we conclude that there is no final Board decision [despite the March 1994 Board decision purporting to deny reopening on the ground of a lack of new and material evidence] before us for review", and dismissed the appeal, despite a motion by the Secretary for the Court to exercise jurisdiction and remand to permit the prior appeal to the Board to proceed.

Were I to adopt this analysis, I would grant the Secretary's motion to dismiss, while noting that the RO should proceed to issue an SOC immediately in order to permit the appellant to file a Substantive Appeal that will perfect her 1985 appeal to the Board as to her October 1985 claim to reopen. *See Holland, supra.* This Court would have no jurisdiction to do otherwise because a post-November 17, 1988, NOD would not have been filed as to the November 1985 RO denial of the pending October 1985 claim to reopen. *See* Veterans' Judicial Review Act, Pub.L. No. 100–687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) [hereinafter VJRA § 402]. Indeed, it could not have been because an NOD must be filed within one year after the RO's mailing of an adverse decision. *See* 38 U.S.C. § 4005(b)(1) (1979) (now 38 U.S.C. § 7105(b)(1)). That 1985 RO denial could thus never have been the subject of a BVA decision over which the Court could exercise judicial review. *See* VJRA § 402; 38 U.S.C. § 7105(b)(1).

The appellant's December 1995 claim to reopen is exactly the same claim that she filed in October 1985 as to the RO's June 1979 denial of service connection for the death of her husband. If that claim had already been placed into appellate status by

an NOD filed in December 1985, it is clearly established that a second NOD could not be filed as to an issue already in appellate status.[1] Moreover, the claim to reopen that would be adjudicated by the Board on appeal from the 1985 RO denial would be based on exactly the same evidence as was before the Board at the time of the 1998 Board decision, unless the appellant would choose to add to the newly presented evidence. *See* 38 C.F.R. § 20.1304(a) (1998) (appellant has right to submit additional evidence to Board, within 90 days after mailing notice that appeal has been certified to Board for appellate review and that appellate record has been transferred to Board, or until Board's appellate decision, whichever comes first); *Sutton v. Brown,* 9 Vet.App. 553, 566–70 (1996).[2]

However, I believe that the Secretary's motion is unconscionable on the facts of this case. In 1985, after the appellant attempted to reopen her 1979 finally disallowed claim, the RO sent her an October 19, 1985, letter that said simply: "The records submitted are duplicates of records previously considered by the rating decision on June 15, 1979. We

are returning copies of medical records submitted by you." She responded on December 17, 1985, stating: "I wish to appeal your decision", and described the basis for her disagreement with the RO's refusal to reopen the 1979 denied claim. On January 9, 1985, the RO replied: "This is in reference to your Notice of Disagreement received December 19, 1985. If you wish to disagree with our denial of service connection for cause of death, it will be necessary for you to submit new and material evidence for reconsideration." The appellant then, on February 6, 1986, again explained that she sought review by the "Board of Appeals in Washington, D.C.", and in March 1986, the RO replied: "[Y]our letter cannot be accepted as a [N]otice of [D]isagreement."

After having repeatedly rebuffed the appellant's attempts to appeal to the Board the RO's October 1985 denial of her claim to reopen the claim that had been denied in June 1979, the Secretary now seeks to have the Court hold that the appellant did file an NOD in 1985 and that the claim continues in

---

1. *See Buckley v. West,* 12 Vet.App. 76, 82 (1998) ("There can be only one valid NOD as to a particular issue until a final RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant."); *Hamilton v. Brown,* 4 Vet.App. 528, 531–32 (1993) (en banc) (claim already in appellate status cannot support second NOD on same issue resolved by prior RO decision), *aff'd,* 39 F.3d 1574, 1581–85 (Fed.Cir.1994); *cf. Barrera v. Gober,* 122 F.3d 1030 (Fed.Cir.1997) (new NOD can be filed as to issue never before RO for adjudication—rating—at time of prior denial of service connection as to which initial NOD was filed).

2. If we were to dismiss the appeal on that basis, as the Secretary urges, and the appellant were thereafter to notify the RO in writing that she wished to withdraw her 1985 NOD, *see* 38 C.F.R. § 20.204(a) (1998) (appellant may withdraw NOD "in writing before a timely Substantive Appeal is filed"), that would render the October 1985 RO denial a final decision, and, upon application to this Court by the appellant, I would then be inclined to reinstate the current appeal over which we would have jurisdiction under Veterans' Judicial Review Act, Pub.L. No. 100–687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) [hereinafter VJRA § 402], by virtue of the June 1996 NOD. Under this scenario, the appellant would regain the right of judicial review as to the Board's May 21, 1998, decision denying her claim to reopen (although the nature of that claim would have been

changed, by the intervening finality of the RO's October 1985 denial, to one that asserted that new and material evidence as to service connection for the veteran's cause of death had been presented since that then-final 1985 RO decision and not since the RO's 1979 initial denial of the underlying claim on the merits, *see Evans (Samuel) v. Brown,* 9 Vet.App. 273, 285 (1996) (claim to reopen as to disallowed claim must have new and material evidence since immediately preceding disallowance, including decision not to reopen, as to same claim)). This would give the appellant the benefit of judicial review on her claim to reopen although it would deprive her of the *possibility* of an effective date as early as the 1985 date of her initial claim to reopen, *see* 38 U.S.C. § 5110(a) (effective date of award based on reopened claim shall not be earlier than date of receipt of application therefor); 38 C.F.R. § 3.400(o) (1998) (effective date is "date of receipt of claim or date entitlement arose, whichever is later"). Alternatively, were the current appeal to be dismissed, as the Secretary urges, she could carry on her 1985 appeal, without the possibility of judicial review if the Board ultimately decides against her, and then file a new claim to reopen on the basis of evidence presented since the Board's 1998 decision and have judicial review available as to that claim, with an effective date no earlier than the date of any such claim to reopen. *See* 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400(o).

appellate status. I cannot accept that position, given the Secretary's unclean hands in this matter. Had the Secretary not been attempting to take advantage of the RO's incorrect and incomplete actions in the 1985–86 adjudication of the appellant's 1985 claim to reopen, I would normally conclude that the appellant had filed an NOD and that the 1985 RO adjudication remained in appellate status. However, the Secretary cannot be permitted to mislead a claimant to her detriment—by denying her an SOC and the right to appeal to the Board—and then compound that unfairness by later seeking to deny her the opportunity for judicial review of the BVA's 1998 decision by putting forth a theory that the prior misleading action and inaction had been misbegotten.[3]

The Secretary's behavior in this case is reminiscent of what was involved in *Smith (George) v. Brown*, 8 Vet.App. 546, 552 (1996) (en banc), where the Court held that the Board could not extinguish a judicial-review right that had already vested as to a final Board decision—as a result of a jurisdiction-conferring NOD under VJRA § 402—by issuing a subsequent Board reconsideration decision that purported to wipe out the Board decision as to which such judicial-review right had been established. Here, the Secretary attempts to deprive this Court of jurisdiction over a 1996 Board decision by resurrecting as a claims adjudication what his agent, the RO,[4] had 13 years ago refused to treat as a claim to reopen and resurrecting as an NOD a document that the RO had, in

essence, twice refused to accept as such. This Court has applied a doctrine of equitable tolling, derived from *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), against the Secretary where he failed to fulfill an obligation to provide information to a claimant and that failure operated to that claimant's detriment by preventing him from timely filing a claim. *See Smith (Edward) v. Derwinski*, 2 Vet.App. 429, 431–35 (1992), *aff'd*, 39 F.3d 1574, 1584–85 (Fed.Cir.1994); *see also Elsevier v. Derwinski*, 1 Vet.App. 150, 154–55 (1991) (recognizing that doctrines of equitable tolling and equitable estoppel apply to VA claimant's filing of Notice of Appeal (NOA) in this Court under appropriate circumstances where VA takes or fails to take certain actions).

In addition, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has recently, in effect, confirmed *Elsevier* by ruling that the 120–day period, established by 38 U.S.C. § 7266(a), in which an NOA may be filed in this Court is subject to equitable tolling, based on *Irwin, supra*. *See Bailey v. West*, 160 F.3d 1360 (Fed.Cir.1998) (expressly overruling "statements [contained in Federal Circuit precedents] that equitable tolling is unavailable" in Court of Veterans Appeals). This Court has also applied equitable estoppel and tolling doctrines against the Secretary to toll the period for filing a formal application form within one year after a claimant files an informal claim under 38 C.F.R. § 3.155(a) (1998).[5]

---

3. We determine de novo whether a document is an NOD. See *Fenderson v. West*, 12 Vet.App. 119, 128–29 (1999); *Buckley*, 12 Vet.App. at 81–82; *Beyrle v. Brown*, 9 Vet.App. 24, 27–28 (1996); *see also* 38 C.F.R. § 20.201 (1998) (defining NOD as "[a] written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the [RO] and a desire to contest the result"; it "must be in terms which can be reasonably construed as [expressing] disagreement with that determination and a desire for appellate review").

4. "The Secretary concedes that the RO is the Secretary's agent ..., and the Court concludes that this is so." *Jaquay v. West*, 11 Vet.App. 67, 71 (1998) (citing 38 U.S.C. § 306, 512, 7701, 7703(1), and 38 C.F.R. § 2.6(b) (1997)).

5. *See Servello v. Derwinski*, 3 Vet.App. 196, 200 (1992) (where Secretary failed to forward application form after informal claim had been filed, Secretary " 'may not ... assert ... that, based on the veteran's failure to file ... [that application form, his ... informal claim] is not a cognizable claim for effective-date purposes.' " (quoting *Quarles v. Derwinski*, 3 Vet.App. 129, 137 (1992))); *see also Hamilton*, 4 Vet.App. at 545 ("any failure on the part of the veteran to file a formal application ... is deemed waived by the VA's failure to comply with the [38 C.F.R. §] 3.155(a) [(1998)] requirement to send him the formal application forms"); *see also Rosler v. Derwinski*, 1 Vet.App. 241, 244–46 (1991) (holding that Court's appeal period is tolled by filing of motion for reconsideration); *cf. Johnson (Duc Tu) v. Brown*, 9 Vet.App. 369, 377 (1996) (citing *McTighe, infra*); *McTighe v. Brown*, 7 Vet.App. 29, 30 (1994) ("erroneous advice given by a

Those equitable tolling doctrines have been applied to preclude the expiration of statutory periods for claimants to take certain action. What I would apply here is a doctrine of equitable estoppel that would prohibit the Secretary from benefitting—if, indeed, it can properly be said that the Secretary "benefits" from the denial of a benefit to a VA claimant—from his own wrongdoing to the detriment of a claimant. I believe that such a doctrine should apply against the sovereign when it has waived its immunity against suit, as has been done here, *see* 38 U.S.C. § 511(b)(4), 7252–7269, as outlined by the Supreme Court in *Irwin*, 498 U.S. at 95–96, 111 S.Ct. 453, and by the Federal Circuit in *Bailey, supra.* Accordingly, under the peculiar facts of this case, I would hold the Secretary to his agent's 1985 and 1986 interpretations that the 1985 document was not an NOD, and I would not construe the appellant's communications to the RO dated December 17, 1985, and February 6, 1986, as NODs as to the RO's refusal then to entertain her attempts to reopen.[6]

government employee cannot be used to estop the government from denying benefits."). *But see Daniels v. Gober*, 10 Vet.App. 474, 480 (1997) ("this Court is precluded from awarding benefits on the basis of equitable estoppel"); *Shields v. Brown*, 8 Vet.App. 346, 351 (1995); *Owings v. Brown*, 8 Vet.App. 17, 23 (1995) (citing *OPM v. Richmond*, 496 U.S. 414, 426, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990)) ("judicial use of the doctrine of equitable estoppel cannot grant respondent a money remedy that Congress has not authorized"); *Suttmann v. Brown*, 5 Vet.App. 127 (1993) ("[A]uthority to award equitable relief ... is committed 'to the sole discretion of the Secretary' and ... the BVA and, consequently, this Court are without jurisdiction to review the Secretary's exercise of that discretion.") (quoting *Darrow v. Derwinski*, 2 Vet.App. 303, 305 (1992)); *Dudley v. Derwinski*, 2 Vet.App. 602, 603 (1992) (en banc order) (purporting to recognize "overrul[ing]" of *Elsevier v. Derwinski*, 1 Vet.App. 150, 154–55 (1991), as to doctrine of equitable tolling based on opinion of Federal Circuit in *Butler v. Derwinski*, 960 F.2d 139, 141 (Fed.Cir.1992) (which Federal Circuit expressly overruled in *Bailey v. West*, 160 F.3d 1360 (Fed.Cir.1998))); *cf. Moffitt v. Brown*, 10 Vet.App. 214, 225 (1997); *Allin v. Brown*, 10 Vet.App. 55 (1997) (noting appellant can seek equitable relief from the Secretary); *Harvey v. Brown*, 6 Vet.App. 416, 425 (1994); *Dudley*, 2 Vet.App. at 603 (Mankin, J., concurring); *id.* at 603–06 (Kramer and Steinberg, JJ., dissenting).

**6.** *See* cases cited *supra* note 3.