**John A. McCAY, Claimant–Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 96–7061.

United States Court of Appeals, Federal Circuit.

Feb. 12, 1997.

John A. McCay, pro se, Knoxville, TN, for claimant–appellant.

Dorann E. Banks, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for respondent–appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Assistant Director. Of counsel on the brief was David Barrans, Office of the General Counsel, Department of Veterans Affairs, of Washington, D.C. Of counsel was Richard J. Hipolit, Office of the General Counsel, Department of Veterans Affairs, Washington, DC.

Before MICHEL, LOURIE and CLEVENGER, Circuit Judges.

MICHEL, Circuit Judge.

John A. McCay ("McCay") seeks review of the June 12, 1996 decision of the United States Court of Veterans Appeals denying him entitlement to an effective date prior to May 24, 1989 for an award of Department of Veterans Affairs ("VA") disability compensation for injuries caused by herbicide exposure. Because the Court of Veterans Appeals' interpretation of 38 U.S.C. § 5110(g) (1994) is correct and McCay's equitable arguments are unavailing, we affirm.

## BACKGROUND

McCay served in the United States Army from May 7, 1969 to October 19, 1970. His service included a tour of duty in Vietnam, where he was exposed to the herbicide known as Agent Orange. In June 1987, McCay was diagnosed with facial dermatofibrosarcoma protuberance, a soft tissue sarcoma, which necessitated radical surgery to remove the cancer on June 19, 1987. At that time, VA regulations denied a connection between exposure to Agent Orange and soft tissue sarcoma. *See* 38 C.F.R. § 3.311a(d)(2) (1987). Thus, McCay did not immediately file for disability benefits.

According to McCay, the VA publicly announced in May 1990 that it was reconsidering its policy regarding Agent Orange exposure. McCay applied for service connected disability compensation on May 24, 1990, asking that disability compensation be made effective as of June 1987.

In February 1991, Congress enacted Pub.L. No. 102–4, 105 St. 11, which created a statutory presumption of service connection for soft tissue sarcomas suffered by veterans who served in Vietnam, codified at 38 U.S.C. § 1116 (1994).[1] In May 1991, the VA decided that McCay was entitled to disability benefits and awarded compensation as of May 24, 1990.

After a series of administrative appeals, the Court of Veterans Appeals held that McCay was entitled to have his award made retroactive to May 24, 1989, one year prior to his application date, pursuant to 38 U.S.C. § 5110(g). The only issue on appeal here is the effective date for McCay's disability benefits. McCay argues he is entitled to benefits effective as of June 1987, the date of his surgery. The government argues the Court of Veterans Appeals correctly held that under section 5110(g) McCay is entitled to benefits retroactive only to May 24, 1989, one year prior to his application filing date.

## ANALYSIS

■ Generally, the effective date of an award of disability benefits can be no earlier than the date of application for such benefits. 38 U.S.C. § 5110(a) (1994); 38 C.F.R. § 3.400 (1995). However, an exception is made under certain circumstances:

> Subject to the provisions of section 5101 of this title, where compensation, dependency and indemnity compensation or pension is awarded or increased pursuant to any Act or administrative issue, the effective date of such award or increase shall be fixed in accordance with the facts found but shall not be earlier than the effective date of the Act or administrative issue. In no event shall such award or increase be retroactive for more than one year from the date of application therefor or the date of administrative determination of entitlement, whichever is earlier.

38 U.S.C. § 5110(g) (1994); 38 C.F.R. § 3.114 (1995). The dispute here centers on the phrase "the date of administrative determination of entitlement." McCay argues this phrase means the date "as of which the administrative process ultimately determines a veteran became entitled to benefits," *i.e.*, the date the disability arose (the date of his surgery), whereas the government argues it means the date upon which the administrative determination is made, *i.e.*, the date of decision.

We review de novo the interpretation of 38 U.S.C. § 5110(g). *See Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed.Cir.1991); *see also* 38 U.S.C. § 7292 (1994). If the intent of Congress is clear from the language of the statute, we need not examine anything else. *Skinner v. Brown*, 27 F.3d 1571, 1574 (Fed. Cir.1994) (citing *Darby v. Cisneros*, 509 U.S. 137, 147, 113 S.Ct. 2539, 2545, 125 L.Ed.2d 113 (1993)). We may, however, choose to look at legislative history, and a "most extraordinary showing of contrary intentions" may lead us to disregard the plain meaning of the statute. *Garcia v. United States*, 469 U.S. 70, 75, 105 S.Ct. 479, 482–83, 83 L.Ed.2d 472 (1984). When, however, Congress has not spoken directly to the question at issue and "legislative delegation to an agency on a

---

1. On October 15, 1991, the VA amended 38 C.F.R. § 3.311a to establish presumptive service connection for veterans who contract soft tissue sarcoma any time after service in Vietnam. The regulation was made effective retroactively to September 25, 1985.

particular question is implicit ... a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." (*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984)).[2] *See also American Lamb Co. v. United States,* 785 F.2d 994, 1001 (Fed.Cir. 1986); *Beneficial Corp. and Subsidiaries v. United States,* 814 F.2d 1570, 1574 (Fed.Cir. 1987).

## I.

McCay provides no evidence to support his interpretation other than statements of Congress that it intended to compensate veterans for disabilities caused by Agent Orange exposure. Such statements, however, do not shed any light on the meaning of the language at issue. The VA does not dispute that McCay is entitled to benefits for disabilities presumptively caused by exposure to Agent Orange. Rather, the only question is the date on which those benefits begin to accrue.

McCay also argues the government's interpretation fails to give effect to all the provisions of section 5110(g). Specifically, McCay argues that the VA cannot act until a claim has been received and, as the date of the claim will therefore always be earlier than the date the VA made its determination of entitlement to benefits, "the date of administrative determination of entitlement" cannot refer to the date of the decision. While McCay's argument appears, at first glance, to have some merit, it fails on closer examination. The legislative history surrounding the enactment of section 5110(g) makes clear that the very purpose behind that portion of the statute which allows the VA to award retroactive benefits based on the date of administrative determination of entitlement was to allow the VA to identify potential beneficiaries and apply the provisions of liberalized laws without the necessity of a potential beneficiary filing a post-enactment

claim. S.Rep. No. 2042, 87th Cong., 2d Sess. 2 (1962), *reprinted in* 1962 U.S.C.C.A.N. 3260, 3260–61. As a claim must be on file before benefits may be obtained, 38 U.S.C. § 5101(a) (1994), the statutory authority to grant benefits one year prior to "the date of administrative determination of entitlement" can only refer to those cases in which the veteran had previously filed a claim which had been decided against the veteran. In such a case, a claim is on file and the VA may review such previously-decided claims and pay retroactive benefits pursuant to the statute. *See* VA Office of General Counsel Advisory Opinion 28–90 at 6 (May 1, 1990). McCay is not such a veteran.

Also counseling against McCay's interpretation is the fact that under McCay's interpretation every veteran would be entitled to benefits for the year prior to which they became disabled because McCay defines "the date of administrative determination of entitlement" as being the date the injury manifested itself. This cannot be.

The government's interpretation, on the other hand, is supported by the clear meaning of the language used in the statute. The most straightforward meaning of the phrase "the date of administrative determination of entitlement" is the date upon which the administrative agency makes its determination of entitlement. Only with difficulty can one read this phrase to mean the date upon which a disability was incurred or the date substantive entitlement to benefits may have arisen.

Moreover, the legislative history likewise supports the government's interpretation. The congressional reports regarding the enactment of this statute state the bill was intended to "obviate the necessity of a potential beneficiary filing a specific claim for the new benefit and would instead permit the Veterans' Administration, where feasible, to identify such beneficiaries and apply the provisions of the liberalized law and administrative issue on its own initiative." *Id.* The report further provides that:

---

**2.** If Congress explicitly delegates authority to an agency, we must defer to statutorily authorized regulations relating to an agency's practice unless arbitrary, capricious or manifestly contrary

to the statute. *Travelstead v. Derwinski,* 978 F.2d 1244, 1250 (Fed.Cir.1992) (citing *Chevron,* 467 U.S. at 843–44, 104 S.Ct. at 2781–83).

Current administrative practice in such cases usually requires the filing of a specific application for the new benefit. Claimants who have no knowledge of the benefits or are not identified by the Veterans' Administration (where a review is made) may be penalized by not filing promptly. This section would permit the Veterans' Administration to identify and apply the provisions of a liberalized law or administrative issue on their own initiative where feasible; or, where it is not feasible to identify potential beneficiaries administratively, to require the filing of an application. A retroactive period of payment of not more than 1 year would be provided. In those cases where an application is required, this would permit payment from the effective date if it is filed within a year thereafter or for a period of a year prior to the claim if it is filed at a later date. *Id.* at 3264–65. Thus, in the context of a situation where the VA can make determinations of entitlement at its own initiative, because a previously decided claim was on file, the phrase "the date of administrative determination of entitlement" must mean the date the VA makes its determination. Thus, the entire statute clearly and unambiguously supports the government's interpretation.

Even if the statute were ambiguous and we were required to give deference to agency regulations interpreting the statute, the government's interpretation is also supported by agency regulations. Specifically, agency regulations provide that if a claim is reviewed on the initiative of the VA more than one year after the effective date of a liberalizing law, benefits are authorized for a period of one year prior to the date of administrative determination of entitlement, 38 C.F.R. § 3.114(a)(2) (1995), whereas if the claim is reviewed at the request of the claimant more than one year after the effective date of the liberalizing law, benefits are authorized for a period of one year prior to the date of receipt of such a request, 38 C.F.R. § 3.114(a)(3) (1995). This regulation only makes sense if "the date of administrative determination of entitlement" refers to the date the VA makes its decision because only in situations where the veteran had not filed a claim would this date be earlier than the date of application.

## II.

McCay also argues he is entitled to recover under either a theory of equitable estoppel or equitable tolling. McCay argues he failed to file an application for benefits at an earlier time only because the government steadfastly denied any connection between exposure to Agent Orange and his injury until May of 1990 and, thus, any such application would have been futile.

■ The Court of Veterans Appeals held that it was without authority to grant equitable relief, citing 38 U.S.C. § 503(a) (Secretary may provide equitable relief based on administrative error), *Suttmann v. Brown,* 5 Vet.App. 127, 138 (1993) (holding the court did not have jurisdiction to review claim for equitable relief where veteran alleged equitable relief was justified due to VA's failure to provide him with a proper medical examination), and *Darrow v. Derwinski,* 2 Vet.App. 303, 306 (1992) (holding court could review factual and legal determination of statutory entitlement to benefits but could not review decision to grant equitable relief based on errors in past decisions).

We need not decide if the Court of Veterans Appeals is devoid of equity powers in all cases, because even if the court may exercise such powers, there would be no need to reverse or to vacate and remand for a determination of the merits of McCay's claims because neither of McCay's theories possibly presents a valid ground for relief. Although equitable estoppel is available against the government, it is not available to grant a money payment where Congress has not authorized such a payment or the recipient doesn't qualify for such a payment under applicable statutes. *See Office of Personnel Mgmt. v. Richmond,* 496 U.S. 414, 426, 110 S.Ct. 2465, 2472, 110 L.Ed.2d 387 (1990). Here, McCay seeks to use the theory of equitable estoppel to recover money the VA is not authorized to pay, namely benefits retroactive to a date more than one year before the date of his application. Congress has expressly foreclosed such payments by stating that "[i]n no event shall such award or increase be retroactive for more than one

year from the date of application therefor or the date of administrative determination of entitlement, whichever is earlier." 38 U.S.C. § 5110(g) (1994).

■ Likewise, while equitable tolling may be applied against the United States in certain cases, such as where the claimant has actively pursued his judicial remedies by filing a defective complaint during the statutory period or been induced or tricked into missing the statutory deadline, *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990), McCay does not seek to toll a statute of limitations in order to bring a claim that would otherwise be time barred. Rather, although his claim was filed in a timely manner, he seeks to obtain benefits retroactive to more than one year prior to the time he filed his application for such benefits. Such relief is expressly prohibited by section 5110(g). Thus, the doctrine of equitable tolling is inapplicable. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) (holding that equitable tolling did not apply to claim brought under section 10(b) of the Securities Exchange Act of 1934 where purpose of limitation was clearly to serve as an absolute cutoff of liability); *see also Viglas*, 7 Vet.App. at 4 ("[A]ppellant's case, which would involve tolling not of a statutory application period but of the one-year limitation on the permissible period of retroactive benefits, does not come within any generally recognized tolling doctrine.").

### III.

Under the correct construction of the applicable statute, the decision on McCay's claim by the Court of Veterans Appeals was certainly correct, and, his equitable arguments are unavailing. We therefore affirm the decision of the Court of Veterans Appeals.

*AFFIRMED.*