NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7192

RICHARD W. EVANS,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Richard W. Evans, of Apex, North Carolina, pro se.

Maame A.F. Ewusi-Mensah, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7192

RICHARD W. EVANS,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  December 4, 2007

_____

Before LOURIE, BRYSON and MOORE, Circuit Judges.

PER CURIAM.

Mr. Richard W. Evans appeals the final decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming the Board of Veteran's Appeals' (BVA's) determination that Evans had not established entitlement for post-traumatic stress disorder (PTSD) earlier than the date he filed his claim for benefits.  See Evans v. Nicholson, No. 05-3372, 2007 WL 878438 (Vet. App. Mar. 20, 2007).  We affirm.

BACKGROUND

Evans served in the Army between February 1969 and December 1971.  His service included a tour of duty in Vietnam.  Evans met with a doctor in October 2003 and was diagnosed with depression and PTSD, both of which were attributable to his service.  During this examination, Evans informed the doctor that his symptoms had existed since 1971.

On May 21, 2003, Evans filed a claim for veteran's benefits for his service-connected PTSD. Benefits were awarded effective as of that date. In October 2003, Evans filed a claim to have his rating increased from 30% to 100% disabling. That claim was granted and his rating was increased.

Evans believed that he was entitled to an effective date earlier than the May 21, 2003 filing date of his original claim for benefits. Evans contended that he was entitled to an effective date of May 21, 2002 under 38 U.S.C. § 5110(g). He argued that the addition of PTSD to the rating schedule on April 11, 1980 constituted a liberalizing act that granted him entitlement to compensation. He maintained this position before the BVA and the Veterans Court. Both tribunals concluded that Evans had not established that he met all of the requirements for entitlement to benefits as of the April 11, 1980 effective date under the applicable regulation, 38 C.F.R. § 3.114(a).

Evans appeals this determination. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

The effective date for an award based on an original claim "shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a). Section 5110(g) provides for an exception to this otherwise general rule. That section provides:

> Subject to the provisions of section 5101 of this title, where compensation . . . is awarded . . . pursuant to . . . administrative issue, the effective date of such award or increase shall be fixed in accordance with the facts found but shall not be earlier than the effective date of the Act of administrative issue. In no event shall such award or increase be retroactive for more than one year from the date of application therefor or the date of administrative determination of entitlement, whichever is earlier.

38 U.S.C. § 5110(g) (emphasis added). The Secretary has promulgated a regulation, found at 38 C.F.R. § 3.114(a), to implement this provision:

> Where . . . compensation . . . is awarded . . . pursuant to . . . a liberalizing VA issue approved by the Secretary or by the Secretary's direction, the effective date of such award of increase shall be fixed in accordance with the facts found, but shall not be earlier than the effective date of the . . . administrative issue. Where . . . compensation . . . is awarded . . . pursuant to a liberalizing . . . VA issue which became effective on or after the date of its enactment or issuance, in order for a claimant to be eligible for a retroactive payment under the provisions of this paragraph, the evidence must show that the claimant met all eligibility criteria for the liberalized benefit on the effective date of the . . . VA issue and that such eligibility existed continuously from that date to the date of claim or administrative determination of entitlement.

38 C.F.R. § 3.114(a).

Here, the BVA concluded that Evans had not established that he "met all eligibility criteria for the liberalized benefit on the effective date of the . . . VA issue." Evans challenges the validity of 38 C.F.R. § 3.114(a). Evans contends § 3.114(a) is contrary to § 5110(g). Specifically, Evans argues that under the statute he was entitled to retroactive compensation because the facts established that he has suffered symptoms of PTSD since 1971 and that the regulation is improper because it effectively requires him to prove that he had PTSD "before PTSD existed."

Review of factual issues are beyond our limited jurisdiction. See 38 U.S.C. § 7292(d)(2) ("Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."). Therefore, we are without the power to review the record to determine whether Evans can establish that he has continuously suffered from PTSD since April 11, 1980, the date PTSD was added to the rating schedule.[1]

---

[1] We reject Evans' argument that the regulation requires him to establish that he had PTSD before it existed. Evans had to establish that he exhibited symptoms

We can, however, review Evans' challenge to the validity of § 3.114(a). <u>See</u> 38 U.S.C. § 7292(d)(1). We interpret statutes and regulations de novo. <u>See, e.g.</u>, <u>Newhouse v. Nicholson</u>, 497 F.3d 1298, 1301 (Fed. Cir. 2007); <u>McCay v. Brown</u>, 106 F.3d 1577, 1579 (Fed. Cir. 1997).

We conclude that the requirement that a claimant show that they "met all eligibility criteria for the liberalized benefit on the effective date of the . . . VA issue" contained in 38 C.F.R. § 3.114 is consistent with § 5110(g). By its plain terms, section 5110(g) permits a retroactive award of benefits, not to exceed one year, when compensation is awarded because of an administrative issue. The implementing regulation includes this same requirement. For an administrative pronouncement to award benefits, the claimant must have been eligible to receive benefits at the time of the liberalizing act, thus making the liberalizing act (and not some other occurrence) the reason the claimant was eligible for compensation. In this regard, § 3.114 is a valid interpretation of § 5110(g). <u>See</u> <u>Chevron U.S.A., Inc. v. Natural Res. Def. Council</u>, 467 U.S. 837, 842-43 (1984). Moreover, we see nothing to the contrary in the case of <u>McCay v. Brown</u>, 9 Vet. App. 183 (1996), which addresses § 3.114(a) solely in the context of a retroactive liberalizing act. Therefore, the judgment of the Veterans Court is affirmed.

---

consistent with a diagnosis of PTSD at the time of the liberalizing act, not that he was in fact diagnosed with PTSD at the time of the liberalizing act.

2007-7192                                                4