Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7246

JACK I. BECHDEL,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Jack I. Bechdel, of Bellefonte, Pennsylvania, pro se.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Christopher P. McNamee, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7246

JACK I. BECHDEL,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: December 6, 2007

_____

Before MICHEL, Chief Judge, RADER, Circuit Judge, and PLAGER, Senior Circuit Judge.

PER CURIAM.

The Court of Appeals for Veterans Claims (Veterans Court) affirmed the decision of the Board of Veterans' Appeals (Board) that the Department of Veterans Affairs (VA) had no duty to contact Mr. Jack I. Bechdel when non-Hodgkin's lymphoma was added to the list of diseases eligible for presumptive service connection and that Mr. Bechdel was not entitled to an effective date earlier than October 2, 1997 for the grant of service connection for non-Hodgkin's lymphoma. Bechdel v. Nicholson, No. 05-1417 (Vet. App. Mar. 22, 2007). Because the Veterans Court correctly affirmed the Board's decision, this court affirms.

I

Mr. Bechdel served on active duty from February 1958 to October 1968, including combat service in Vietnam for which he received a Purple Heart. In October 1975, Mr. Bechdel was found to have a malignant lymphoma in his abdomen. In November 1975, he filed a claim for non-service-connected pension. In February 1976, a VA regional office (RO) granted the claim for non-service connected pension and awarded special monthly compensation upon account of his need for regular aid and attendance.

In 1994, Congress added non-Hodgkin's lymphoma to the list of diseases eligible for service connection presumption in veterans who were exposed to herbicides in Vietnam. See 38 U.S.C. § 1116. In October 1998, Mr. Bechdel filed a claim for service connection for non-Hodgkin's lymphoma. In July 1999, the RO granted service connection for non-Hodgkin's lymphoma as a result of exposure to herbicides in service, rated as 0 percent disabling, effective October 2, 1998. On October 1, 1999, the RO granted service connection for a splenectomy as secondary to non-Hodgkin's lymphoma and assigned a 20 percent disability rating for the condition, effective October 2, 1998. Mr. Bechdel then appealed the effective date assigned for service connection for non-Hodgkin's lymphoma. He asserted that the effective date should have been made retroactive to the date in 1975 when he first filed for benefits. He also argued that the VA had a duty to contact him and reopen his claim for benefits when Congress added non-Hodgkin's lymphoma to the conditions subject to presumptive service connection based on herbicide exposure in Vietnam.

In May 2002, the RO granted an earlier effective date of October 2, 1997, for the

award of service connection for both Mr. Bechdel's non-Hodgkin's lymphoma and his splenectomy on the basis that 38 C.F.R. § 3.114(a)(3) authorized the assignment of an effective date one year prior to the receipt of the claim. 38 C.F.R. § 3.114(a)(3). On February 3, 2005, the Board found that the effective date of October 2, 1997 was the earliest effective date authorized by the law. On March 22, 2007, the Veterans Court affirmed the Board's decision.

## II

This court has exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof that was relied on by the Veterans Court in making the decision. 38 U.S.C. § 7292(a), (c). Further, this court reviews questions of statutory interpretation de novo. Mayfield v. Nicholson, 499 F.3d 1317, 1321 (Fed. Cir. 2007). In contrast, except where an appeal presents a constitutional question, this court may not review a challenge to factual determinations, or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

## III

A veteran who served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, and has manifested non-Hodgkin's lymphoma, is presumed to have been exposed to herbicide. See 38 U.S.C. § 1116(a). Pursuant to 38 U.S.C. § 5110(a), the "effective date of an award based on an original claim . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefore." 38 U.S.C. § 5110(a). The statute provides an exception to this rule as follows:

> Subject to the provisions of section 5101 of this title, where compensation . . . or pension is awarded . . . pursuant to any Act or administrative issue, the effective date of such award or increase shall be fixed in accordance with the facts found but shall not be earlier than the effective date of the Act or administrative issue. <u>In no event shall such award or increase be retroactive for more than one year from the date of application therefor or the date of administrative determination of entitlement, whichever is earlier.</u>

38 U.S.C. § 5110(g) (emphasis added). Mr. Bechdel filed a claim for service-connection for non-Hodgkin's disease on October 1, 1998. Therefore, the Veterans Court correctly affirmed the Board's ruling that the effective date for his claim was October 2, 1997, a year prior to the date of his application.

IV

On appeal, Mr. Bechdel first challenges the Veteran's Court's ruling that the VA was not required to notify him of the addition of non-Hodgkin's lymphoma to the list of diseases eligible for presumptive service connection. He argues that the VA's failure to notify him and other veterans deprived them of years of service-connected compensation. However, this court has held that 38 U.S.C. § 5110 merely <u>allows</u> the VA to review such a claim on its own initiative. <u>See</u> <u>McCay v. Brown</u>, 106 F.3d 1577, 1581 (Fed. Cir. 1997) (quoting S. Rep. No. 2042, 87th Cong., 2d Sess. 2 (1962), <u>reprinted in</u> 1962 U.S.C.C.A.N. 3260, 3264-65 ("This section would permit the Veterans' Administration to identify and apply the provisions of a liberalized law or administrative issue on their own initiative where feasible; or, where it is not feasible to identify potential beneficiaries administratively, to require the filing of an application.")). Mr. Bechdel fails to identify any other statute or regulation imposing a duty on the VA to notify the veterans. And indeed, this court is aware of no such statute or regulation. Therefore, this court finds that Mr. Bechdel's argument is unsupported by legal

authority.

Second, Mr. Bechdel asks the court "[t]o overturn the law," presumably the law limiting retroactive payments based upon 38 U.S.C. § 5110(g), "to extend rights to those who were diagnosed prior to that date." But he presents no basis for finding this law unconstitutional or invalid. While Mr. Bechdel asserts a generalized violation of his constitutional rights, this court is unable to discern any basis for any cognizable constitutional claim. Mr. Bechdel may not agree with Congress' policy choice to limit the range of the effective date, but he must rely on the democratic process rather than the courts to change the law absent any constitutional claim.

Third, Mr. Bechdel seems to argue that the effective date for his service connection for non-Hodgkin's lymphoma should date back to earlier than October 2, 1997, preferably to 1975, when he first filed for non-service-connected pension pursuant to 38 U.S.C. § 5110(a) and (g). Because Mr. Bechdel's appeal on this issue presents a challenge to the application of the statute to the facts of his case, this court lacks jurisdiction to consider this issue. Similarly, this court lacks jurisdiction to determine whether the Veterans Court failed to consider that Mr. Bechdel received the Purple Heart or whether he actually received the non-service-connected pension.

Accordingly, the Veterans Court was correct in affirming the Board's finding that the effective date for Mr. Bechdel's application for service connection for non-Hodgkin's lymphoma was October 2, 1997.

COSTS

No costs.