NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EARNEST TOOKES,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7189

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-4465, Judge Kenneth B. Kramer.

---

**ON MOTION**

---

Before LOURIE, PROST, and MOORE, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Earnest Tookes' appeal for lack of jurisdiction or in the alternative to summarily affirm. Tookes has not responded.

Tookes served on active duty in the Army from June 1953 to November 1953. According to Tookes, his discharge papers stated he was being honorably released from the Army because of schizophrenia and mistakenly stated that his condition predated his entry of service.

On June 9, 2005, Tookes filed a claim for disability compensation for schizophrenia. Initially, a Department of Veterans Affairs regional office (RO) denied his claim based on the above-noted mistake. In a December 2005 rating action the RO alleviated any error with regard to when his condition arose and granted Tookes' claim for service connection with an effective date rating of June 9, 2005—the date of his original application.

Tookes appealed the RO's effective date determination to the Board of Veterans' Appeals, seeking entitlement to an earlier effective date pursuant to 38 U.S.C. § 5110(a). That statute provides "[u]nless specifically provided otherwise in this chapter, the effective date of an award based on an original claim . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application thereof."

Before the Board, Tookes argued that in November of 1957, he inquired at a Department office regarding his eligibility for benefits. Tookes also argued that if he had filed an application in 1957, it would have been in vain because he could not have received benefits based on the mistake in his paperwork. Finally, Tookes argued that he was entitled to an earlier effective date because his schizophrenia prevented him from filing an earlier claim for service connection.

The Board denied entitlement to an earlier effective date, finding "there is simply no document that can be construed as a claim for service connection for schizophrenia associated with the claims file prior to June 9, 2005." The Board further explained that "even assuming,

without deciding, that the veteran was physically or mentally incapacitated prior to June 9, 2005, no statute, regulation, or binding court precedent allows for 'equitable tolling" of the period for filing an initial claim for compensation." The United States Court of Appeals for Veterans Claims affirmed the Board's decision.

We agree with the Secretary that summary affirmance is appropriate here. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (summary affirmance of a case is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists"). In his informal brief, Tookes relies on equitable principles that he should be provided a 1957 effective date in "the interests of justice and equity."

Principles of equitable tolling, as claimed by Tookes, are not applicable to the time period in .38 U.S.C. § 5110(a). *See Andrews v. Principi*, 351 F.3d 1134, 1137 (Fed. Cir. 2003); *McCay v. Brown*, 106 F.3d 1577, 1581 (Fed. Cir. 1997). This court in *McCay* explained that "[a]lthough equitable estoppel is available against the government, it is not available to grant a money payment where Congress has not authorized such a payment or the recipient doesn't qualify for such a payment under applicable statutes." *Id.* (citing *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 426 (1990)).

To the extent that Tookes also argues in his brief that his communications with the VA in 1957 constituted a claim, this court held in *Rodriguez v. West*, 189 F.3d 1351, 1353 (Fed. Cir. 1999) that any claim for benefits must be in writing. Thus, his communication that was not in writing could not constitute a claim.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) and to summarily affirm are granted. The judgment of the Court of Appeals for Veterans Claims is summarily affirmed. The motion to dismiss is denied as moot.

(2) Each side shall bear its own costs.

FOR THE COURT

__FEB 0 6 2012__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Earnest Tookes
Christopher A. Bowen, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

. FEB 0 6 2012

JAN HORBALY
CLERK