NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN J. TITONE,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7097

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1746, Judge Margaret C. Bartley.

---

Decided:  February 9, 2016

---

JOHN J. TITONE, Lindenhurst, NY, pro se.

SEAN SIEKKINEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH HOSFORD; BRIAN D. GRIFFIN, JONATHAN KRISCH, MARTIN JAMES SENDEK, Office of General Coun-

sel, United States Department of Veterans Affairs, Washington, DC.

-----

Before MOORE, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

John J. Titone served in the U.S. Army from 1977 to 1984. In 2007, he applied for veterans' benefits, claiming that he had a disability relating to a splenectomy connected to his Army service. A Regional Office of the Department of Veterans Affairs assigned him a disability rating of 20% as of November 23, 2007. Mr. Titone challenged the 2007 effective date before the Board of Veterans' Appeals, arguing that he was entitled to receive benefits back to 1984, when he left active military service. The Board rejected his argument, and the United States Court of Appeals for Veterans Claims affirmed. Mr. Titone presents the same argument to us. We affirm.

It is undisputed that Mr. Titone did not file his claim for disability benefits until 2007. Mr. Titone's argument—to the Board, to the Veterans Court, and to us—is that his benefit entitlement should have begun upon his discharge from active service in May 1984, not from the 2007 filing date of his claim for disability benefits. The reason, he contends, is that the Army, when he was discharged from service, did not inform him of his entitlement to benefits and not until 2007 did he know of his eligibility. The Board and the Veterans Court both concluded that, under the governing statutory and regulatory provisions, 38 U.S.C. §§ 5101, 5110; 38 C.F.R. § 3.400, the claim-filing date was the earliest permissible effective date for benefits.

Congress has narrowly defined the scope of our jurisdiction over appeals from the Veterans Court. Because we are not presented with a constitutional question, our jurisdiction is limited to "decid[ing] any challenge to the

validity of any statute or regulation or any interpretation thereof," 38 U.S.C. § 7292(c), and does not embrace challenges to "a factual determination" or to "a law or regulation as applied to the facts of a particular case," *id.* § 7292(d)(2). Accordingly, our jurisdiction here is restricted to considering the contention, which we may construe Mr. Titone's appeal to us as presenting, that the statutes and regulations must be interpreted to permit an effective date well before the claim-filing date when the military did not give notice of eligibility for benefits to a soldier upon discharge or later.

That contention, however, lacks merit. 38 U.S.C. § 5101(a)(1) requires the filing of a claim before a veteran will receive benefits, and § 5110(a) provides that "[u]nless specifically provided otherwise in this chapter, the effective date of an award based on an original claim . . . of compensation . . . shall be fixed in accordance with the facts found, but *shall not be earlier than the date of receipt of application therefor*." *Id.* § 5110(a) (emphasis added). The relevant implementing regulation states that unless the VA receives a claim within one year after a veteran's separation from service, the effective date for that veteran's receiving disability compensation is the "date of receipt of claim, or date entitlement arose, *whichever is later*." 38 C.F.R. § 3.400(b)(2)(i) (emphasis added).

Those provisions leave no room for an effective date before the claim-filing date just because Mr. Titone was not told that he had the option to file a claim for such benefits when he left active service. And we have previously rejected similar equitable arguments. *See Andrews v. Principi*, 351 F.3d 1134, 1137–38 (Fed. Cir. 2003) (concluding that the government's failure to notify under 38 U.S.C. § 7722(b), (c)(1) is not a basis for tolling § 5110(b)(1) and that equitable tolling does not apply to § 5110(b)(1)); *Rodriguez v. West*, 189 F.3d 1351, 1354–55 (Fed. Cir. 1999) (determining that 38 U.S.C. §§ 5102, 7722(d) do not "justif[y] ignoring the unequivocal com-

mand in 38 U.S.C. § 5110(a)"); *McCay v. Brown*, 106 F.3d 1577, 1582 (Fed. Cir. 1997) (holding that equitable tolling does not apply to § 5110(g)).  For those reasons, we must reject Mr. Titone's contention and affirm the judgment of the Veterans Court.

No costs.

**AFFIRMED**