﻿Citation Nr: 19172621
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 03-30 746
DATE: September 19, 2019

ORDER

The claim of entitlement to an increased rating for the right hip, limitation of extension of the thigh, is dismissed.

The claim of entitlement to an increased rating for the right hip, limitation of flexion of the thigh, is dismissed.

The claim of entitlement to an increased rating for the left hip, limitation of extension of the thigh, is dismissed.

The claim of entitlement to an increased rating for the left hip, limitation of flexion of the thigh, is dismissed.

The claim of entitlement to an increased rating for bilateral pes planus is dismissed.

The claim of entitlement to an increased rating for degenerative arthritis of the lumbar spine is dismissed.

The claim of entitlement to an initial rating higher than 20 percent for Reiter’s syndrome prior to September 21, 2015 is dismissed.

REMANDED

The claim of entitlement to an initial rating higher than 70 percent for posttraumatic stress disorder (PTSD) is remanded.

The claim of entitlement to a total disability rating due to individual unemployability (TDIU) prior to September 15, 2015 is remanded.

FINDINGS OF FACT

1. In a statement received March 6, 2019, the Veteran’s attorney withdrew all claims before the Board except for the claims of entitlement to a higher rating for Reiter’s syndrome, to a higher rating for PTSD, and to a TDIU.

2. In a statement received April 1, 2016, the Veteran explicitly, unambiguously, and with an understanding of the consequences of his actions, withdrew his claim for an increased rating for Reiter’s syndrome prior to September 21, 2015.

CONCLUSIONS OF LAW

1. The criteria are met for a withdrawal of the Veteran’s appeals for increased ratings for right hip limited extension of the thigh, right hip limited flexion of the thigh, left hip limited extension of the thigh, right hip limited flexion of the thigh, bilateral pes planus, and degenerative arthritis of the lumbar spine. 38 U.S.C. § 7105; 38 C.F.R. § 20.204.

2. The criteria are met for a withdrawal of the Veteran’s appeal for a higher rating for Reiter’s syndrome prior to September 21, 2015. 38 U.S.C. § 7105; 38 C.F.R. § 20.204; Delisio v. Shinseki, 25 Vet. App. 45 (2011); Verdon v. Brown, 8 Vet. App. 529 (1996).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from March 1969 to September 1971.

This case comes before the Board on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In March 2007, the Veteran testified before a Veterans Law Judge at a Travel Board hearing. A copy of the hearing transcript is of record.

In a decision dated in March 2011, the Board denied of entitlement to service connection for PTSD and erectile dysfunction. The Veteran appealed that Board decision to the United States Court of Appeals for Veterans Claims (Court). The Board had remanded the remaining issues for further development. By order dated in November 2011, the Court remanded this case to the Board pursuant to the terms of a Joint Motion for Remand.

Thereafter, in May 2012, the Board remanded the issues that were remanded by the Court for further development. However, in doing so, certain statements contained within the remand were found by the Veteran’s attorney to indicate bias or prejudice on the part of the Veterans Law Judge who conducted the Veteran’s Board hearing in March 2007. As a consequence, the Veteran’s attorney filed a Motion to Disqualify the Veterans Law Judge from further acting in this appeal. 

The Motion to Disqualify was granted by the Board in October 2014. In view of the fact that the motion was granted, the Veteran was given an opportunity to have a hearing before another Veterans Law Judge but did not make a timely request for another hearing following the Board’s inquiry in October 2014. In correspondence dated in November 2014, the Veteran’s attorney specifically indicated the Veteran “does not wish to attend a BVA hearing of any kind.” 

During the course of the appeal, a schedular 100 percent rating for Reiter’s syndrome was awarded by a March 2016 rating decision, effective September 21, 2015.

In a January 2017 decision, the Board determined that the claims for a higher rating for Reiter’s syndrome, a claim for a TDIU prior to September 21, 2015 and the claim for service connection for erectile dysfunction had been withdrawn and dismissed the claims. In addition, the Board remanded a claim for an increased rating, as well as claims for an earlier effective date, for PTSD and pes planus to the agency of original jurisdiction (AOJ) for additional development.

In an October 2017 decision, the AOJ awarded and effective date of April 16, 2001 for the award of service connection for PTSD and pes planus.

The Veteran appealed the Board’s January 2017 to the Court. In an October 2018 Joint Motion for Partial Remand, the issues of entitlement to a rating in excess of 20 percent for Reiter’s syndrome and a entitlement to a TDIU prior to September 21, 2015 were remanded for additional consideration. Specifically, and as discussed in more detail below, the Board will address that the withdrawal statement conforms with the standards set forth in Delisio v. Shinseki, 25 Vet. App. 45 (2011) and Verdon v. Brown, 8 Vet. App. 529 (1996) and dismiss the appeal. 

In the January 2017 decision, the Board also dismissed the issue of entitlement to a total disability rating due to individual unemployability (TDIU), which was also appealed to the Court and remanded back to the Board. Here, the Board declines to address whether the issue of entitlement to a TDIU was properly withdrawn at that time as his PTSD has been noted to cause or contribute to unemployability. The Veteran is seeking a higher initial rating for his PTSD, which has the same appeal period as his Reiter’s syndrome, as both have effective dates of April 16, 2001. Therefore, TDIU is part and parcel of the increased rating for PTSD claim, which has not been withdrawn. Rice v. Shinseki, 22 Vet. App. 447, 453 (2009). 

Dismissal

An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the Veteran or by his or her authorized representative in writing or on the record at a hearing on appeal. 38 C.F.R. § 20.204(a) & (b). An appeal withdrawal is effective upon receipt. 38 C.F.R. § 20.204(b)(3). Withdrawal does not preclude filing a new Notice of Disagreement and, after a Statement of the Case is issued, a new Substantive Appeal, as to any of the withdrawn issues, provided such filings would be timely under these rules if the appeal withdrawn had never been filed. 38 C.F.R. § 20.204(c).

When a pending appeal is withdrawn, there is no longer an allegation of error of fact or law with respect to the determination that had been previously appealed. Consequently, dismissal of the pending appeal is the appropriate disposition. 38 U.S.C. § 7105(d). 

1. The claim of entitlement to an increased rating for the right hip, limitation of extension of the thigh, is dismissed.

2. The claim of entitlement to an increased rating for the right hip, limitation of flexion of the thigh, is dismissed.

3. The claim of entitlement to an increased rating for the left hip, limitation of extension of the thigh, is dismissed.

4. The claim of entitlement to an increased rating for the left hip, limitation of flexion of the thigh, is dismissed.

5. The claim of entitlement to an increased rating for bilateral pes planus is dismissed.

6. The claim of entitlement to an increased rating for degenerative arthritis of the lumbar spine is dismissed.

Pursuant to 38 C.F.R. § 20.204(b), a withdrawal of an appeal must be in writing and must include the name of the claimant, the claim number, and a statement that the appeal is being withdrawn. The statement must be received by the Board prior to issuance of a decision regarding the claims being withdrawn. 

In March 2019, the Veteran’s attorney filed a statement indicating that the Veteran wished to withdraw all appeals before the Board except for the claims for a higher rating for Reiter’s syndrome, for a higher rating for PTSD, and for a TDIU. This statement complies with the requirements of Section 20.204(b). As the Board had not yet issued a decision concerning these claims upon receipt of the statement, the criteria are met for withdrawal of the appeal. See id. 

The Board finds that this statement clearly sets forth the desire to have the claims withdrawn. The Veteran’s attorney is permitted to withdraw claims on the Veteran’s behalf. 

The attorney’s request presumes that the Board will find that the Veteran did not withdraw his claim for a higher rating for Reiter’s Syndrome. His optimistic belief regarding that claim does not create an ambiguity as to whether he is now withdrawing all these other claims. There is no indication that there is any confusion on anyone’s part as to whether these claims will still be pending after receipt of the withdrawal statement. The attorney did not present argument regarding these other claims, nor did he ask that the withdrawal be ignored if Reiter’s syndrome was also dismissed. As the statement clearly sets forth the issues to be withdrawn with an understanding of the consequences of the action, the claims are dismissed. See Delisio, infra.

7. The claim of entitlement to an initial rating higher than 20 percent for Reiter’s syndrome prior to September 21, 2015 is dismissed. 

Under the standard set in Delisio, a withdrawal of claim is only effective where the withdrawal is explicit, unambiguous, and done with a full understanding of the consequences of such action. Delisio v. Shinseki, 25 Vet. App. 45, 58 (2011). In Delisio, the veteran appealed a number of issues and asked for a hearing before a member of the Board. At the hearing, the Board member listed a number of claims, but did not mention a specific claim for leg numbness; after listing the issues, he asked the veteran if that was an accurate listing of the issues on appeal, to which the veteran responded that he “thought” so. The Board then dismissed the leg numbness claim. On appeal, the Court noted that the transcript showed there was no further discussion of withdrawal and no suggestion that the Veteran understood that he was withdrawing any claim. The Court held that the veteran’s thoughts regarding the issues to be discussed at the hearing did not constitute a withdrawal of the appeal, and that the claim was still pending. 

Under Verdon, when it is not clear that a claimant has withdrawn a claim, the Board must provide an adequate statement of reasons or bases to support its conclusion that there was a withdrawal, taking into account all the facts relating to the status of the claim as well as the Secretary’s obligation to liberally construe all submissions by a claimant. Verdon v. Brown, 8 Vet. App. 529, 533 (1996). In Verdon, the veteran had sent a letter to his representative indicating that he “[had] come to an agreement with the terms on the 10 percent for the ear” and “for my leg I agree at 20 percent at this time” and he wanted to appeal a service connection claim. His Veterans Service Organization (VSO) representative then presented argument to VA on the leg and the service connection claim and also incorporated previously submitted arguments into his statement that discussed the leg. The Board dismissed the leg claim, finding that the veteran’s letter to his representative constituted a withdrawal. The Court noted that the facts of the case, including that the letter did not specify withdrawal and was not a communication between the Veteran and VA, along with his representative’s arguments regarding the so-called withdrawn claim created a reasonable doubt as to whether the veteran had actually withdrawn the claim. The Court vacated the dismissal and remanded it back to the Board for further consideration of the issue and to provide an adequate statement of reasons or bases. 

In this case, the Veteran was granted a 100 percent rating for Reiter’s syndrome, effective from September 2015, in a March 29, 2016 rating decision. A supplemental statement of the case (SSOC) was issued the same day, addressing the period prior to September 2015. On March 31, 2016, the Veteran’s attorney filed a copy of their representation agreement, along with a note that the agreement was being resubmitted because the Veteran was worried that he had accidentally changed representatives. On April 1, 2016, a fax was received from the Veteran containing a notice indicating he had seen the SSOC and had no additional evidence, and an Appeal Cancellation Notification that read:

PLEASE CANCEL MY APPEAL ON THE ISSUES OF: 

(1) Evaluation of Reiter’s Syndrome that was increased to 100% (2) Entitlement to individual unemployability prior to 9/21/2015

The Board notes the Veteran underlined the words “Please cancel” on the pre-printed form. The fax contained the Veteran’s name, claim number, and signature. 

Thereafter, in July 2016, the Veteran’s attorney asked for 90 days to gather evidence and prepare argument for the appeals certified to the Board but did not mention any specific claims or seek information on any claims. In August 2016, one of the Veteran’s attorney’s staff spoke with VA about the status of the appeals but the record does not indicate the issues discussed. In November 2016, the Veteran’s attorney filed a brief in which he noted that conversations with VA staff led him to conclude that the Veteran “may have become confused and accidentally submitted a statement to VA suggesting that he was withdrawing his TDIU claim.” He asserted that the Veteran did not intend to withdraw the claim for TDIU but provided no information on the source of the Veteran’s confusion. 

After the claims were dismissed by the Board in its January 2017 decision, the Veteran’s attorney filed for reconsideration of the decision, which was denied in April 2017. In his Motion for Reconsideration, he argued that the Veteran’s statement was interpreted too broadly, that the VA treated the claims as if they were open following the receipt of the withdrawal causing the Veteran to rely on the notion that they were still open, and that VA did not follow proper procedures when receiving and canceling the claims. 

Based on a review of the record, the Board finds that the Veteran withdrew his claim for a higher rating for Reiter’s syndrome and that the withdrawal was explicit, unambiguous, and done with a full understanding of the consequences of such action. Unlike the claimant in Delisio, whose claim was dismissed because he concurred with a list that accidentally omitted a specific claim, the Veteran here explicitly canceled a specific claim (for a higher rating for Reiter’s syndrome) in writing. Unlike the claimant in Verdon, whose claim was dismissed based on a communication he had with his representative that was not meant to be submitted to VA (indeed, it was unclear how VA came to be in possession of it), the Veteran’s communication was meant to be provided to VA and was submitted along with a SSOC response form. 

In regard to the written statement, the Veteran clearly wrote out the issues that he wished to cancel and signed his name to the statement. This is not a situation where the statement was drafted and signed by another person who was acting on his behalf. He specified the claims he was referring to and omitted other claims that were also on appeal and contained within the SSOC; this is not a situation where he signed a pre-printed form that only generally referred to withdrawal of “the claim” or “the appeal”. His explicit listing—and omission—of specific issues shows that he put some thought into the issues that he wanted to continue to pursue. The form is clearly labeled “Appeal Cancellation Notification,” and, as mentioned, the Veteran underlined the words “Please cancel” when completing it, which reinforces that he understood what he was doing. Indeed, there has been no explanation of what the Veteran was confused about or what he thought he was doing when he wrote and signed this statement and it is unclear what could possibly be achieved by the statement other than a cancellation or withdrawal of the claim. The statement is straightforward and can only be understood to withdraw the claim. There is no indication from the record that the Veteran does not read, write or understand the English language, or that he is so cognitively incapacitated that he is unable to make decisions concerning his property or his benefit. 

The Veteran’s attorney argues that the statement is ambiguous because he did not specify the time period that he was withdrawing. The Board is not persuaded. The Veteran mentioned in the withdrawal statement that his rating had been increased to 100 percent. It is not uncommon for claimants to withdraw issues once in receipt of the highest rating, which the Veteran had just been awarded, and the AOJ will frequently ask if a recent decision has satisfied the claimant. Here, although he mentioned the rating, he clearly understood that a portion of his claim remained pending, which he decided to withdraw. 

The Veteran’s attorney has asserted that the Veteran was unrepresented when he sent in the form, which is not the case. The Veteran has been represented by his attorney in these proceedings since 2013. To the extent that the attorney is arguing that the Veteran’s decision to ask for assistance from the VSO, or because the faxed withdrawal was received under a VSO fax cover page, severed his representation and left the Veteran pro se, the Board is not persuaded. Primarily, there is no suggestion of any intent on the Veteran’s part to revoke his attorney’s representation, and there is nothing showing he actually did change his representation. But also, there is no record or suggestion that the Veteran received counseling or advice from the VSO; rather, it appears that he needed to use their fax machine to submit his statement to VA. 

The Veteran’s decision to withdraw the claim may not have been what his attorney would have advised him to do, but there is no indication from the record that the Veteran did not understand the consequences of his actions at the time. His attorney presumably advised him to not make such decisions without consultation. As argued in his Motion for Reconsideration, clients do not always take their attorney’s advice. Nonetheless, veterans are as free to withdraw claims as they are to file them. Hanson v. Brown, 9 Vet. App. 29 (1996). There is no provision in the law that prohibits VA from accepting submissions directly from represented veterans nor is there a requirement in law that VA notify representatives about the actions taken by their Veteran clients. Contrary to arguments that the M21 Adjudication Manual provides for notice to be sent to representatives and for retraction of a withdrawal, the Board’s determination in this matter is not bound by VA manuals, but rather the applicable law and regulations. See 38 C.F.R. § 19.5 (“[T]he Board is bound by applicable statutes, regulations of the Department of Veterans Affairs, and precedent opinions of the General Counsel of the Department of Veterans Affairs, but not by Department manuals, circulars, or similar administrative issues.”).

The Veteran’s attorney has argued that VA continued to treat these claims as if they were pending after receipt of the withdrawal, upon which the Veteran relied to his detriment. To the extent he is arguing that equitable estoppel applies to this situation, the Board is bound by the statutes and regulations, and unable to provide relief on the basis of equity. 38 U.S.C. § 503(b); 38 C.F.R. § 19.5; McCay v. Brown, 106 F.3d 1577 (Fed. Cir. 1997). He argues that the SSOC was issued after receipt of the withdrawal, which is not true (indeed, the SSOC response was included with the withdrawal statement). The SSOC is dated March 29, 2016, three days before receipt of the withdrawal statement. He argues that the VA correspondence in May and June 2016 led them to believe that all the claims were still pending, as they informed him that the appeal was being returned to the Board and was, in turn, received by the Board. However, those letters do not indicate the issues that are on appeal. Here, there still were claims pending after the withdrawal of the Reiter’s syndrome, as both the Veteran and his attorney were aware of, which were what those letters were addressing. 

The record shows that after the Veteran sought assistance from the VSO, his attorney wanted to ensure that the representation agreement was intact. There is no mention from the attorney or the Veteran about whether any issues were withdrawn, erroneously or not, until November 2016, more than six months following filing of the withdrawal form. While neglect in attempting to remedy an erroneous withdrawal may suggest a lack of understanding that it happened, it also suggests that the claimant simply changed his mind. Given the fact that the attorney had knowledge that something was done in March 2016 when the Veteran asked for assistance from the VSO, the lack of action to determine it or remedy it leads to finding that the withdrawal was purposeful. The only evidence showing that it was not intended is the November 2016 brief, where the attorney briefly addresses the withdrawal in a conclusory statement, and then presents argument in favor of granting the withdrawn claims. This is not a situation where multiple and immediate steps were taken to preserve the claim; rather, the record strongly suggests that the action was taken and then regretted.

The Board considered whether the recently received March 2019 arguments from the Veteran’s attorney cause there to be uncertainty in the withdrawal of the Reiter’s syndrome. Again, this argument was received many months after the withdrawal was filed, after the claim had been appealed and remanded back to the Board and does not contain any new facts or assertions as to why the April 2016 withdrawal was invalid. 

In sum, given the explicit and unambiguous statement, the lack of any evidence of any confusion on the part of the Veteran, and the lack of attempt to address the withdrawal until months later, the Board finds that the Veteran filed a valid withdrawal of the claim for an increased rating for Reiter’s syndrome, and this claim is again dismissed. 

REASONS FOR REMAND

1. The claim of entitlement to an initial rating higher than 70 percent for PTSD is remanded.

The Veteran’s attorney asserts that a 100 percent rating is warranted for the Veteran’s PTSD due to the severity of his symptoms. A February 2019 opinion from Dr. M. C., a private psychiatrist, noted that he had reviewed the Veteran’s records and found that the Veteran had been completely disabled secondary to PTSD since at least 2001. The private psychiatrist also disputes the findings of the September 2015 VA examiner. There is no indication that the private psychiatrist had examined the Veteran to determine his current functional impairments.

The Board notes that the Veteran was last afforded a VA PTSD examination in September 2015. As such, in the light of argument disputing the findings of the last VA examination, the Board finds that the Veteran should be afforded a new VA examination to obtain pertinent information to assess the current nature and severity of his service-connected PTSD. See, e.g., Snuffer v. Gober, 10 Vet. App. 400 (1997).

2. The claim of entitlement to a TDIU is remanded.

This claim is inextricably intertwined with the above claim. Accordingly, it must also be remanded. 

The matters are REMANDED for the following action:

1. Associate updated VA treatment records with the file.

2. After completion of directive 1, afford the Veteran an appropriate VA examination to determine the current nature and severity of his service-connected PTSD. The record, to include a copy of this Remand, should be made available to the examiner, and all indicated tests should be conducted. 

The examiner should identify the nature and severity of all current manifestations of the Veteran’s service-connected PTSD. He or she should also specifically address the impact such disorder has on the Veteran’s social and occupational functioning. 

A rationale for any opinion offered should be provided.

 

KRISTY L. ZADORA

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Gibson

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.