# United States Court of Appeals for the Federal Circuit

---

**BRUCE R. TAYLOR,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2211

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-2390, Judge Joseph L. Falvey, Jr., Judge William S. Greenberg, Judge Amanda L. Meredith.

---

## SUA SPONTE REHEARING EN BANC

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimant-appellant.

WILLIAM JAMES GRIMALDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, NEWMAN, LOURIE, DYK, PROST, O'MALLEY, REYNA, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

## O R D E R

This case was argued before a panel of three judges on June 4, 2020, and a panel opinion issued on June 30, 2021. Thereafter, a sua sponte request for a poll on whether to rehear this case en banc was made. A poll was conducted and a majority of the judges in regular active service voted for sua sponte en banc consideration.

Accordingly,

IT IS ORDERED THAT:

(1) The panel opinion of June 30, 2021, is vacated and the appeal is reinstated.

(2) This case will be reheard en banc sua sponte under 28 U.S.C. § 46 and Federal Rule of Appellate Procedure 35(a). The court en banc shall consist of all circuit judges in regular active service who are not recused or disqualified, as well as any senior circuit judge who participated in the panel decision and elects to participate as a member of the court en banc, in accordance with the provisions of 28 U.S.C. § 46(c).

(3) The parties are requested to file new briefs. The briefs should address the following issues:

> A. (i) In view of precedents such as *OPM v. Richmond*, 496 U.S. 414 (1990), and *McCay v. Brown*, 106 F.3d 1577 (Fed. Cir. 1997), did the panel in *Taylor v. McDonough*, No. 2019-2211, 2021 WL 2672307, at *1 (Fed. Cir. June 30, 2021), correctly determine that

under the doctrine of equitable estoppel the government is estopped from asserting 38 U.S.C. § 5110(a)(1) against Mr. Taylor's claim for an earlier effective date?

(ii)  Specifically, would granting Mr. Taylor's claim of entitlement to an earlier effective date under the doctrine of equitable estoppel be contrary to statutory appropriations and thus barred by the Appropriations Clause?  If not, does the doctrine require the VA to give Mr. Taylor his requested effective date for his disability benefits if the government prevented him from timely filing an adequate benefits claim?

(iii)  If any precedents of this court, such as *McCay*, preclude Mr. Taylor from succeeding based on equitable estoppel, should they be overruled?

B.  If equitable estoppel does not afford Mr. Taylor the effective date he claims, does Mr. Taylor have a claim for denial of a constitutional right of access to VA processes for securing disability benefits for which he met the eligibility criteria, considering authorities such as *Christopher v. Harbury*, 536 U.S. 403 (2002), that address a constitutional right of access to courts and other government forums of redress?

C.  If there is such a right of access, is the test for its violation whether the government has engaged in "active interference" that is "undue," as suggested by *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), and related cases?  If not, what is the test?

D. Assuming the right exists, and applying the proper test, was the right of access violated here?

(i) Taken together, did the required promise of military secrecy, the threat of court martial, and the failure to provide a VA mechanism for the timely filing or adjudication of an adequate claim, as Mr. Taylor alleges, constitute an affirmative interference with a right of access?

(ii) Did the VA lack a sufficient justification for not providing a mechanism for the timely filing or adjudication of an adequate claim if it could have provided such a mechanism while protecting classified information? Has the VA done so in some circumstances? *See* U.S. Dep't of Veterans Affs., *Adjudication Procedures Manual* M21-1, pt. IV, subpt. ii, ch. 1, sec. I (Developing Claims Related to Special Operations Incidents). Did the VA lack a sufficient justification for not even communicating to Mr. Taylor that he could file a minimal claim that would have to await adjudication indefinitely, until secrecy protections were lifted?

E. If the government violated Mr. Taylor's right of access, what is the remedy?

(4) While the issue of equitable tolling is preserved, the court does not wish to secure further briefing on equitable tolling and will not revisit the issue of equitable tolling in this case, (A) the court having resolved that issue adversely to Mr. Taylor in *Andrews v. Principi*, 351 F.3d 1134 (Fed. Cir. 2003), and (B) the court having recently declined to set

aside the decision in *Andrews* in *Arellano v. McDonough*, 1 F.4th 1059 (Fed. Cir. 2021).

(5)  Appellant Bruce R. Taylor's en banc opening brief is due 60 days from the date of this order.  Appellee Secretary of Veterans Affairs' en banc response brief is due within 45 days of service of Mr. Taylor's en banc opening brief, and Mr. Taylor's reply brief within 30 days of service of the response brief.  The court requires 30 paper copies of all briefs and appendices provided by the filer within 5 business days from the date of electronic filing of the document.  The parties' briefs must comply with Fed. Cir. R. 32(b)(1).

(6)  The court invites the views of amici curiae.  Any amicus brief may be filed without consent and leave of court.  Any amicus brief supporting Mr. Taylor's position or supporting neither position must be filed within 14 days after service of Mr. Taylor's en banc opening brief.  Any amicus brief supporting the Secretary's position must be filed within 14 days after service of the Secretary's en banc response brief.  Amicus briefs must comply with Fed. Cir. R. 29(b).

(7)  This case will be heard en banc on the basis of the briefing ordered herein and oral argument.

(8)  Oral argument will be held at a time and date to be announced later.

FOR THE COURT

July 22, 2021                    /s/ Peter R. Marksteiner
    Date                        Peter R. Marksteiner
                                Clerk of Court